[Cite as *State v. Blanton*, 2019-Ohio-1523.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 107237

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## JAILYN BLANTON

### DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-621496-A

**BEFORE:** Kilbane, A.J., Celebrezze, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** April 25, 2019

-i-

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Carson Strang
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113



MARY EILEEN KILBANE, A.J.:

{¶1} Defendant-appellant, Jailyn Blanton ("Blanton"), appeals his sentence for attempted felonious assault, discharge of a firearm, and carrying a concealed weapon. For the reasons set forth below, we affirm.

{¶2} In October 2017, Blanton was bound over from juvenile court and subsequently charged with felonious assault (Count 1), discharge of a firearm on or near prohibited premises (Count 2), and carrying a concealed weapon (Count 3).[1] The charges stem from events that occurred on November 2, 2016, when Blanton and two unidentified individuals fired shots in the direction of 3370 Altamont Road in Cleveland Heights. Blanton was identified by witnesses as the individual who fired the gun.

---

[1]Counts 1 and 2 each carried one- and three-year firearm specifications.

{¶3} In December 2017, Blanton and the state entered into a plea agreement. Blanton pled guilty to an amended count of attempted felonious assault, with a one-year firearm specification. The three-year firearm specification was deleted. He also pled guilty to discharge of a firearm on or near prohibited premises, with the firearm specifications deleted, and carrying a concealed weapon.[2]

{¶4} At the sentencing hearing, defense counsel argued that attempted felonious assault (Count 1) and the discharge of a firearm on or near prohibited premises (Count 2) counts should merge for purposes of sentencing. The state opposed, arguing there are separate victims for each count. The state contended that the victim for Count 2 is the public at large, whereas Count 1 has a specific victim — Raymond Bowling ("Bowling"). The state then placed the relevant facts on the record, including that Blanton was identified by an eyewitness as the individual who pulled out a gun and fired at Bowling's residence. Blanton was apprehended by police thereafter, and his hands tested positive for gunshot residue.

{¶5} The trial court then proceeded to discuss the merger of Counts 1 and 2. The court ultimately concluded that the counts do not merge because the victim in Count 1 is Bowling and in Count 2, the victim is the public at large. Prior to sentencing Blanton, the trial court considered his juvenile history and the fact that he missed his initial sentencing hearing. The court sentenced Blanton to three years in prison on Count 1 and one year on the firearm specification to be served prior and consecutive to the underlying charge (attempted felonious assault). The court also sentenced Blanton to two years in prison on Count 2 (the discharge of a firearm on or near prohibited premises), to be served consecutive to Count 1, and 18 months in

---

[2]Blanton's sentencing was originally scheduled for January 2018. Blanton did not appear at this hearing, nor did he appear to the probation department as ordered by the court. As a result, the court issued a warrant for his arrest. Blanton was subsequently arrested in April 2018.

prison on Count 3 (carrying a concealed weapon), to be served concurrent to Counts 1 and 2, for a total of six years in prison.

{¶6} Blanton now appeals, raising the following two assignments of error for review:

## Assignment of Error One

The trial court erred at sentencing when it concluded that attempted felonious assault [R.C. 2903.11] and discharging a firearm on or near a prohibited premises [R.C. 2923.162(A)(3)] do not merge for purposes of sentencing.

## Assignment of Error Two

[The] consecutive sentence imposed in Counts [1] and [2] are unsupported under Ohio consecutive sentencing law.

## Merger

{¶7} In the first assignment of error, Blanton argues the attempted felonious assault count and the discharge of a firearm on or near a prohibited premises count should have merged for purposes of sentencing because they were committed with a single animus.

{¶8} Under R.C. 2941.25(A), when the defendant's conduct constitutes two or more allied offenses of similar import, the defendant may be convicted of only one offense. A defendant charged with multiple offenses may be convicted of all the offenses if: (1) the defendant's conduct constitutes offenses of dissimilar import, i.e., each offense caused separate identifiable harm; (2) the offenses were committed separately; or (3) the offenses were committed with separate animus or motivation. R.C. 2941.25(B); *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13. Therefore, to determine whether offenses are allied, courts must consider the defendant's conduct, the animus, and the import. *Id.* at paragraph one of the syllabus. The *Ruff* court explained:

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have

similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id.* at ¶ 26.

{¶9} In the instant case, the trial court, relying on *State v. Johnson*, 2018-Ohio-1387, 110 N.E.3d 863 (8th Dist.), found that the attempted felonious assault count and the discharge of a firearm on or near a prohibited premises count did not merge for purposes of sentencing because there is a separate victim for each count. The attempted felonious assault count listed Bowling as the victim, and in the discharge of a firearm on or near a prohibited premises count the victim was listed as the public. We find *Johnson* controlling.

{¶10} In *Johnson*, this court examined whether felonious assault and discharging a firearm on or near a prohibited premises merged for purposes of sentencing. The defendant, Johnson, got into an argument with his wife and fired two rounds above the bathroom door where his wife was hiding. *Id.* at ¶ 4. He then went outside and fired two more shots into the house while his wife, children, and other relatives were present in the house. *Id.*

{¶11} Pursuant to a plea agreement, Johnson plead guilty to one count of discharging a firearm into a habitation with a three-year firearm specification, one count of having a weapon while under disability, one count of receiving stolen property, one count of discharging a firearm on or near a prohibited premises, and one count of felonious assault, which was amended to change the name of the victim. *Id.* at ¶ 5. Relevant to this appeal, the trial court sentenced Johnson to six years in prison for felonious assault and twenty-four months for discharging of a

firearm on or near a prohibited premises conviction, to be served concurrently with the nine-year sentence on the discharging a firearm into a habitation conviction.  *Id.* at ¶ 6.

{¶12} On appeal, Johnson argued under a plain error analysis that his discharging a firearm into a habitation, felonious assault, and discharging a firearm on or near a prohibited premises convictions should have merged for sentencing.[3]  This court disagreed, finding that these convictions do not merge because they were committed against separate victims.  *Id.*, 2018-Ohio-1387, 110 N.E.3d 863, ¶ 30.   We explained:

> Johnson pleaded guilty to Count 1 of the indictment, which alleges that Johnson improperly "discharg[ed] a firearm at or into an occupied structure that is a permanent or temporary habitation of Jamese Johnson."   The indictment identifies Jamese Johnson's home as the victim of the offense rather than a person.
>
> Johnson also pleaded guilty to Count 14, which alleges that Johnson improperly discharged a firearm on or near a prohibited premises.   In *State v. James* [2015-Ohio-4987, 53 N.E.3d 770, ¶ 34 (8th Dist.)] we held that because discharging a firearm on or near a prohibited premises is a strict liability offense, the victim of such an offense is the public at large.   Therefore, while the victim of Johnson's discharging a firearm on or near a prohibited premises was the general public, the victim of his discharging a firearm into a habitation conviction was the occupied home of Jamese Johnson. Because these offenses were committed against separate victims, they are dissimilar in import and not subject to merger under R.C. 2941.25.
>
> Finally, Johnson pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(2), as alleged in Count 10 of the indictment. R.C. 2903.11(A)(2) prohibits a person from knowingly causing or attempting to cause physical harm "to another."   Unlike Johnson's other offenses, which were committed against the an occupied structure and the public at large, his felonious assault conviction requires a human victim.   Count 10, as amended, alleged that Johnson knowingly caused or attempted to cause physical harm to a person identified in the indictment as "Bennette Smith."
>
> As previously stated, the victim of Johnson's improper discharging of a firearm into a habitation was the occupied home of Jamese Johnson. Bennette Smith was the victim of Johnson's felonious assault conviction, and society at large was the victim of Johnson's improper discharging of a firearm on or near a prohibited

---

[3]Johnson neither raised the issue of merger nor objected to his sentence in the trial court.  *Id.* at ¶ 27.

premises conviction. Because Johnson committed these offenses against three different victims, they are dissimilar in import, and the trial court properly sentenced Johnson on all three offenses.

*Id.* at ¶ 31-34.

**{¶13}** Likewise, in the instant case, Count 1 charged Blanton with the attempted felonious assault of Bowling, and Count 2, discharging a firearm on or near prohibited premises, charged Blanton with discharging a firearm over a public road. This court has found that the discharge of a firearm on or near a prohibited premises is a strict liability offense; and therefore, the victim of such an offense is the public at large. Because these offenses were committed against separate victims (Bowling and the public at large), the trial court properly found that they are dissimilar in import and not subject to merger under R.C. 2941.25.

**{¶14}** Accordingly, the first assignment of error is overruled.

## Consecutive Sentence

**{¶15}** In the second assignment of error, Blanton challenges the trial court's imposition of consecutive sentences.

**{¶16}** Our standard of review for felony sentences is governed by R.C. 2953.08(G)(2), which states, in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4).]

(b) That the sentence is otherwise contrary to law.

{¶17} Thus, under the plain language of R.C. 2953.08(G)(2), we may vacate or modify a felony sentence on appeal only if we determine by clear and convincing evidence that the record does not support the trial court's findings under the relevant statutes — in this case, R.C. 2929.14(C)(4) — or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶18} Here, the trial court sentenced Blanton to four years in prison on the attempted felonious assault, to be served consecutively to two years on the discharging of a firearm at or near a prohibited premises, for a total of six years. He argues that this is improper because he had no adult criminal history and the facts do not support the "harm so great" requirement.

{¶19} A trial court may order that a defendant consecutively serve prison terms for convictions of multiple offenses, provided the court make certain statutory findings under R.C. 2929.14(C)(4). Specifically, the trial court must find that: (1) "consecutive service is necessary to protect the public from future crime or to punish the offender[,]" (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[,]" and (3) one of three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c) applies. *Id.* These three factors are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section [R.C.] 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* at (C)(4)(a)-(c).

**{¶20}** As to the manner in which the trial court must make these findings, the Ohio Supreme Court has held:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is the court required to give a talismanic recantation of the words of the statute.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶21}** In the instant case, the trial court stated the following with regard to the required consecutive sentence findings:

All right. So I have had an opportunity to hear from you. I've had an opportunity to hear from your lawyer and the State, and reviewed the pre-sentence investigation report. I have already placed on the record your lengthy criminal history.

I have placed on the record the fact this matter was set for sentencing awhile ago. You failed to appear, even though I gave you an opportunity to be out until your sentencing, knowing it was mandatory time, and you didn't appear for your sentencing.

I also had an opportunity to review in the pre-sentence investigation report the facts of this case, which I find to be extremely serious. You are shooting a gun in the direction of individuals, in the direction of the community-at-large.

Considering all the relevant seriousness and recidivism factors, public protected from future crimes and that you are punished, I find you are not amenable to a community control sanction, so I am going to impose a prison sentence.

* * *

I find that a consecutive prison sentence is necessary to protect the community and to punish you and is not disproportionate. I find that the harm is so great or unusual that a single * * * harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct. Your criminal history shows a consecutive sentence is necessary to protect the public.

Also, I find that the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed were so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of your conduct.

{¶22} Based on the foregoing, we find that the trial court's consecutive-sentence analysis encompassed each of the required findings. Furthermore, we do not find by clear and convincing evidence that Blanton's sentence is contrary to law or that the record does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶23} Accordingly, the second assignment of error is overruled.

{¶24} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR