[Cite as *State v. Johnson*, 2019-Ohio-4265.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                          :                    No. 18AP-889
                                                (C.P.C. No. 17CR-2457)

v.                                                     :

                                              (REGULAR CALENDAR)

Mershaun M. Johnson,                                   :

      Defendant-Appellant.                         :

---

D E C I S I O N

Rendered on October 17, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Argued:** *Ian J. Jones.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Mershaun M. Johnson, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of voluntary manslaughter and one count of discharge of a firearm on prohibited premises. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} By indictment filed May 4, 2017, plaintiff-appellee, State of Ohio, charged Johnson with two counts of murder in violation of R.C. 2903.02, unclassified felonies, both with accompanying firearm and repeat violent offender specifications; one count of discharge of firearm on or near prohibited premises in violation of R.C. 2923.162, a first-degree felony, along with an accompanying firearm specification; one count of escape in

violation of R.C. 2921.34, a second-degree felony, along with an accompanying repeat violent offender specification; one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16, a fourth-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13, a third-degree felony, along with an accompanying firearm specification. The charges related to the shooting death of Charles Staten on April 7, 2017.

{¶ 3} After initially entering a plea of not guilty, Johnson subsequently entered a guilty plea to one count of the stipulated lesser-included offense of voluntary manslaughter in violation of R.C. 2903.03, with a three-year firearm specification, and one count of discharge of a firearm on prohibited premises with a three-year firearm specification. Pursuant to the offenses included in the guilty plea and accompanying firearm specification, Johnson faced a maximum possible sentence of 28 years in prison. The parties jointly recommended a sentence of 22 years, with 14 total years on the voluntary manslaughter conviction to run consecutive to 8 total years on the discharging a firearm on a prohibited premises conviction, including the accompanying firearm specifications.

{¶ 4} At the October 23, 2018 combined guilty plea and sentencing hearing, the state discussed the parties' jointly recommended sentence by stating:

> The maximum potential penalty in this case is 28 years in the ODRC. It's the joint recommendation of the parties that the defendant be sentenced to 22 mandatory ODRC, 22 years mandatory ODRC. The breakdown of the sentence is indicated on the plea form. That's suggested from all the parties. All of the sentence in this case is mandatory due to the defendant's prior conviction as to the two counts and the firearm specs are also mandatory. I believe the Court has a signed Entry of Guilty Plea form in this matter.
>
> The State would additionally request that Counts Two, Four, Five and Six be nolled should the Court accept the guilty plea.

(Sentencing Tr. at 46-47.)

{¶ 5} The trial court then asked for the facts, and the state submitted the following:

> Your Honor, this occurred April 7 of 2016. The defendant, Mershaun Johnson, fired a revolver out of his car at least six times. One bullet struck the victim in the torso ripping through his organs. He died in the hospital later that night from that

gunshot wound. This occurred at 1776 Parsons Avenue in Franklin County, Ohio.

A CPD officer happened to be nearby. He was alerted to the shooting. He stopped the defendant almost immediately after in his vehicle. Once the defendant was in his vehicle, the defendant feigned a medical emergency. He had slipped out of - - out of his handcuffs and took off running. He was captured - - that was the basis of the escape charge. He was apprehended shortly thereafter. Later a firearm was recovered in his car that had six spent rounds. The revolver matched the spent bullet and jacket that was found at the murder scene. The defendant's DNA was on the revolver.

As was discussed earlier, the defendant did give a statement where he put himself at the scene but said that he was running and the reason for his escape was because of his - - he was afraid of being sent back to jail for his parole on the aggravated robbery.

Those offenses all occurred in Franklin County, Ohio.

(Sentencing Tr. at 47-48.) Additionally, the state informed the trial court that Johnson had previous convictions of aggravated robbery and having a weapon under disability. The trial court asked defense counsel whether he had any exceptions to the facts, and defense counsel replied "[n]ot for the purposes of the plea, Your Honor." (Sentencing Tr. at 48.)

{¶ 6} After the state submitted the facts, the trial court accepted Johnson's guilty plea and proceeded directly to sentencing. Rather than imposing the jointly recommended sentence of 22 years, the trial court instead imposed an aggregate sentence of 25 years in prison. The trial court ordered the sentences to run consecutive to each other, but the trial court noted the gun specifications merged for purposes of sentencing. The trial court journalized Johnson's convictions and sentence in an October 23, 2018 judgment entry. Johnson timely appeals.

## II. Assignment of Error

{¶ 7} Johnson assigns the following error for our review:

The trial court erred by not merging appellant's convictions for voluntary manslaughter and discharging a firearm on or near a prohibited premises for purposes of sentencing pursuant to the Fifth and Fourteenth Amendments to The United States

Constitution, R.C. 2941.25, and Article I, Sections 10 and 16 of the Ohio Constitution.

## III. Analysis

{¶ 8}    In his sole assignment of error, Johnson argues the trial court erred when it imposed consecutive sentences for his voluntary manslaughter and discharging a firearm on or near a prohibited premises convictions. Johnson argues those offenses should have merged for purposes of sentencing.

{¶ 9}    At the outset, we note that Johnson did not object to the trial court's failure to merge his convictions at the trial court, and thus our review is limited to plain error. *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 6, citing *State v. Taylor*, 10th Dist. No. 10AP-939, 2011-Ohio-3162, ¶ 34. A trial court's failure to merge convictions on allied offenses constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31.

{¶ 10} In reviewing a trial court's determination of whether a defendant's offenses should merge for purposes of conviction, an appellate court reviews the trial court's determination de novo. *State v. Flood*, 10th Dist. No. 18AP-206, 2019-Ohio-2524, ¶ 25, citing *State v. S.S.*, 10th Dist. No. 13AP-1060, 2014-Ohio-5352, ¶ 28, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1. " 'Appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions. That facts are involved in the analysis does not make the issue a question of fact deserving of deference to a trial court.' " *S.S.* at ¶ 28, quoting *Williams* at ¶ 25.

{¶ 11} R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 12} Johnson argues the trial court erred when it failed to merge the offenses of voluntary manslaughter and discharging a firearm on or near a prohibited premises for purposes of sentencing. "When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 24.

{¶ 13} "To determine whether two offenses are allied offenses that merge into a single conviction, a court must evaluate three separate factors: the conduct, the animus, and the import." *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 42, citing *Ruff* at paragraph one of the syllabus. "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation." *Ruff* at ¶ 25. Ultimately, if the harm resulting from each offense is separate and identifiable, the offenses are of dissimilar import and do not merge. *Harris* at ¶ 42, citing *Ruff* at ¶ 25.

{¶ 14} In conducting an analysis of whether two offenses are allied offenses of similar import, the Supreme Court of Ohio directs an appellate court to look beyond the statutory elements and to consider the defendant's conduct. "A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed?" *Ruff* at ¶ 25.

{¶ 15} The offense of voluntary manslaughter provides "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another." R.C. 2903.03(A). The offense of discharge of a firearm on or near prohibited premises, on the

other hand, provides in relevant part "[n]o person shall * * * [d]ischarge a firearm upon or over a public road or highway."  R.C. 2923.162(A)(3).

{¶ 16} Here, Johnson argues the state relied on the same conduct to support his guilty plea for voluntary manslaughter and discharge of a firearm on or near prohibited premises.  He additionally asserts both offenses had the same resultant harm: the death of Staten.  The facts submitted to the trial court during the plea hearing indicated that Johnson fired his weapon at least six times while inside a vehicle on a public road. One of those gunshots hit Staten and killed him.  Johnson submits that the firing of his weapon was one distinct act even though he fired it six times.

{¶ 17} There are not sufficient facts in the record to discern whether all of Johnson's gunshots were fired in the same general direction and whether all of the gunshots were intended to hit Staten.  However, even if we were to agree with Johnson, arguendo, that the facts specific to his plea hearing supported a conclusion that he committed the offenses of voluntary manslaughter and discharge of a firearm on or near prohibited premises with the same conduct and the same animus, we nonetheless conclude that the trial court did not err in failing to merge these two offenses here because there was no reasonable probability that the offenses were of similar import or significance.  *State v. Williams*, 2d Dist. No. 27663, 2018-Ohio-1647, ¶ 23 (trial court did not err in failing to merge the offenses of murder and discharge of a firearm on or near prohibited premises because the offenses were not alike in their resulting harm).  As the Supreme Court of Ohio has recognized, merger is not required when the offenses "are not alike in their significance and their resulting harm."  *Ruff* at ¶ 21.  Based on these facts, we conclude the harm caused by Johnson's commission of the offense of voluntary manslaughter was Staten's death, while the harm caused by Johnson's commission of the offense of discharge of a firearm on or near a prohibited premises was to the public.

{¶ 18} Other appellate districts have recently considered the issue of the harm caused by the offense of discharge of a firearm on or near prohibited premises, and we find their reasoning persuasive.  Specifically, the Second District Court of Appeals in *Williams* quoted and followed a decision of the Eighth District Court of Appeals when it stated " '[t]he victim of the offense of discharging a firearm upon or over a public road or highway is the public.  This is because it is the act itself that is prohibited.  The offense can be completed

with no one remotely near the location where the firearm is discharged upon or over the public road or highway.  R.C. 2923.162(A)(3) is a statute intended to benefit the public good.' " *Williams*, 2018-Ohio-1647, at ¶ 24, quoting *State v. James*, 8th Dist. No. 102604, 2015-Ohio-4987, ¶ 33.  We agree with the Second District and the Eighth District that the language of R.C. 2923.162(A)(3) evinces an intent by the legislature that the discharge of a firearm on or near a public roadway causes resultant harm to the public even if no person or no structure is hit by the gunshots.  *Williams*, 2018-Ohio-1647, at ¶ 24; *James* at ¶ 33. *See also In re T.P-.A.,* 2d Dist. No 28196, 2019-Ohio-2038, ¶ 17-18 (the offenses of felonious assault and discharge of a firearm on or near a prohibited premises do not merge because the two offenses result in different harm, even where the defendant only fired his weapon one time); *State v. Shoecraft*, 2d Dist. No. 27860, 2018-Ohio-3920, ¶ 58 (the victim of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) is the public); *State v. Blanton*, 8th Dist. No. 107237, 2019-Ohio-1523, ¶ 13 (offense of attempted felonious assault and discharging a firearm on or near prohibited premises do not merge because the victim of R.C. 2923.162(A)(3) is the public at large).

{¶ 19} Although Johnson actually shot and killed Staten, his act of firing a revolver on the public road itself violated R.C. 2923.162(A)(3) and harmed the public at large. Conversely, Johnson's conviction of voluntary manslaughter required harm to a particular victim and differed in the significance and nature of the harm it addressed.  *Williams*, 2018-Ohio-1647, at ¶ 24.  Though we are mindful that Johnson's act of shooting Staten elevated the degree of the offense of discharging a firearm on or near prohibited premises to a first-degree felony pursuant to R.C. 2923.162(C)(4), we nonetheless still find the offense of discharge of a firearm on or near prohibited premises, under these specific facts, to cause separate and distinct harm to the public.  *Id.* at ¶ 24, fn. 4.

{¶ 20} Having concluded, based on the limited facts presented at the plea hearing, that the offenses of voluntary manslaughter and discharge of a firearm on or near prohibited premises are not of similar import or significance because they each caused separate harm, we find the trial court did not plainly err in failing to merge Johnson's convictions for purposes of sentencing.  Accordingly, we overrule Johnson's sole assignment of error.

## IV. Disposition

{¶ 21} Based on the foregoing reasons, the trial court did not err in failing to merge Johnson's convictions of voluntary manslaughter and discharge of a firearm on or near prohibited premises for purposes of sentencing. Having overruled Johnson's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and NELSON, J., concur.

————————————