[Cite as *State v. Jordan*, 2015-Ohio-4457.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-978 (C.P.C. No. 13CR-6454) |
| v. | : | No. 14AP-979 (C.P.C. No. 14CR-1038) |
| Wade Jordan, III, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on October 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Dennis C. Belli*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} In these consolidated cases, defendant-appellant, Wade Jordan, III, appeals from two judgments of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm those judgments.

I. Factual and Procedural Background

{¶ 2} On December 9, 2013, a Franklin County Grand Jury indicted appellant in case No. 13CR-6454 with counts of possession of cocaine and possession of marijuana, as well as two counts of aggravated possession of drugs, all in violation of R.C. 2925.11. On March 3, 2014, another Franklin County Grand Jury indicted appellant in case No. 14CR-1038 with a count of possession of heroin in violation of R.C. 2925.11 and a felony count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) ("fleeing"). Appellant entered not guilty pleas to all of the counts. These counts were

based upon conduct that occurred and evidence recovered in connection with two separate traffic stops.

{¶ 3} Appellant was also a defendant in a third case filed in the Franklin County Municipal Court, which included, among other counts, a misdemeanor count of failure to comply with an order of an officer in violation of Columbus City Code 2109.01(A), the city's equivalent of R.C. 2921.331(A) ("failure to comply"). That count arose out of the same traffic stop that also lead to the fleeing count in case No. 14CR-1038.

{¶ 4} In the common pleas court cases, appellant filed a motion to suppress the evidence found as a result of the traffic stops. After a consolidated hearing on the motion to suppress, the trial court overruled the motion. On that same day, appellant entered a guilty plea in the Franklin County Municipal Court case, which included a guilty plea to the misdemeanor count of failure to comply. The municipal court found appellant guilty and sentenced him accordingly.

{¶ 5} At a hearing the next day in the common pleas court, appellant withdrew his not guilty pleas in case No. 13CR-6454 and entered no contest pleas to all four counts of the indictment. In case No. 14CR-1038, however, appellant requested the dismissal of the fleeing count, on double jeopardy grounds, based on his guilty plea to the count of failure to comply in the municipal court case. The trial court granted appellant's request, concluding that the two offenses came out of the same incident. Appellant then entered a no contest plea to the remaining count of possession of heroin in that case. The trial court accepted his pleas and found him guilty of those counts. The trial court continued sentencing to allow for the preparation of a presentence investigation.

{¶ 6} Before appellant's sentencing, the state filed a motion asking the trial court to reconsider its decision to dismiss the fleeing count on double jeopardy grounds. At the sentencing hearing, the trial court granted the state's motion for reconsideration and reversed its decision to dismiss the fleeing count. The trial court concluded that the two charges, fleeing and failure to comply, can be different offenses such that the subsequent prosecution would not be barred on double jeopardy grounds. It also opined that under the facts of appellant's case, there was separate conduct that supported each of the counts.

{¶ 7} As a result of the trial court's decision, appellant also entered a no contest plea to the fleeing count. The trial court found appellant guilty and sentenced him in both

cases to a total prison term of almost five years. The trial court also suspended his driver's license for three years, but deferred the suspension until appellant's release from prison.

## II. The Appeal

{¶ 8} Appellant appeals and assigns the following errors:

> [1.] The court of common pleas erred when it denied Defendant-Appellant's motion to dismiss the felony count of failure to comply (with an order or signal of a police officer) on double jeopardy grounds.
>
> [2.] The court of common pleas' decision to make the suspension of Jordan's driver's license effective after his release from prison is contrary to law.

### A. Double Jeopardy

{¶ 9} Appellant argues in his first assignment of error that the trial court erred by concluding that double jeopardy did not bar his prosecution for fleeing. We disagree.

{¶ 10} Our review of a decision denying a motion to dismiss on double jeopardy grounds is de novo. *State v. Trimble*, 4th Dist. No. 13CA8, 2013-Ohio-5094, ¶ 5; *State v. Mullins*, 5th Dist. No. 12 CA 17, 2013-Ohio-1826, ¶ 13.

{¶ 11} The Double Jeopardy Clause of the United States Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Brown*, 119 Ohio St. 3d 447, 2008-Ohio-4569, ¶ 10, citing *United States v. Halper*, 490 U.S. 435, 440 (1989), citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). These double-jeopardy protections apply to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 786 (1969); *State v. Tolbert*, 60 Ohio St.3d 89, 90 (1991). Additionally, Ohio Constitution, Article I, Section 10 provides: "No person shall be twice put in jeopardy for the same offense." This case requires us to decide whether appellant's conviction for fleeing is a second prosecution for the same offense that is barred by double jeopardy.

{¶ 12} The Supreme Court of Ohio has adopted the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), to determine whether an accused is being successively prosecuted for the same offense. *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, ¶ 18. Pursuant to *Blockburger*,

> [t]he applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Zima* at ¶ 19, citing *State v. Best*, 42 Ohio St.2d 530 (1975), paragraph three of the syllabus.

{¶ 13} In the municipal court action, appellant pled guilty to a misdemeanor count of failure to comply in violation of Columbus City Code 2109.01(A), the equivalent of R.C. 2921.331(A), which provides in relevant part:

> No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.

{¶ 14} In the common pleas court case, appellant was charged with violating Ohio's fleeing statute, R.C. 2921.331(B),[1] which provides in relevant part:

> No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

{¶ 15} Appellant claims that the two offenses are the same for double jeopardy purposes because the fleeing offense is a lesser included offense of the failure to comply offense. *See Zima* at ¶ 41 ("*Blockburger* applies to bar successive prosecutions for greater and lesser included offenses whatever the order of trials."); *State v. Tolbert*, 60 Ohio St.3d 89 (1991), paragraph one of the syllabus. The state argues that appellant committed the two offenses by separate acts and, therefore, double jeopardy does not bar the successive prosecution. We agree.

{¶ 16} Courts in this state have rejected double jeopardy claims where the charged offenses arose from separate conduct or acts. *See State v. Bentley*, 4th Dist. No. 01CA13

---

[1] A violation of R.C. 2921.331(B) is normally a first degree misdemeanor. Appellant was indicted with a fourth degree felony because he allegedly committed the offense while fleeing immediately after the commission of a felony. R.C. 2921.331(C).

(Dec. 6, 2001). "If the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable." *Id.*, citing *Elyria v. Rowe*, 9th Dist. No. 00CA007700 (Apr. 11, 2001). *See also State v. Shepherd*, 12th Dist. No. CA2003-2-003, 2003-Ohio-5541, ¶ 5; *State v. Hoffmeyer*, 9th Dist. No. 15632 (Dec. 30, 1992) (noting that "the fact that a defendant has been put in jeopardy upon a trial for one criminal act is no bar to a prosecution for a separate and distinct criminal act merely because such acts are closely connected in point of time, place, and circumstances."); *State v. Price*, 26 Ohio App.3d 41, fn.2 (1st Dist.1985) (noting the assumption that a single act constituted the basis of both offenses involved in the double jeopardy analysis, because if the two offenses "derived from a temporally separate and unrelated act, there would obviously have been no basis to defendant's double jeopardy claim."); *State v. Woods*, 8 Ohio App.3d 56, 59 (5th Dist.1982) (multiple prosecutions not barred for distinct offenses simply because of their proximity or similarity). This concept comports with the premise of the *Blockburger* test, which is to address whether a *single act* that violates two statutory provisions can lead to one or more offenses.

{¶ 17} In this case, the officer's testimony described two seperate orders he gave appellant during the traffic stop. First, after the officer witnessed appellant starting the car, the officer told him to "just leave the car off while we're on the traffic stop." (Tr. 96.) That statement was effectively an order for appellant to turn the car off. Appellant did not turn the car off. Instead, after that order, appellant told the officer that he was just going to move the car and park it in an alley. The officer told him "you're not goin' anywhere." (Tr. 96.) When appellant then put the car in drive, the officer again ordered appellant to "stay put, don't leave." (Tr. 96.) Appellant ignored this order and fled in his car. Therefore, appellant committed two separate acts in defiance of instructions from the officer: (1) refusing to turn off the car; and (2) driving away. These separate acts subjected appellant to two prosecutions.

{¶ 18} We are aware that the Supreme Court of the United States has stated that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). Appellant's reliance on that proposition is misplaced under the facts of this case.

{¶ 19} In *Brown*, the Court concluded that the offenses of joyriding, defined as taking or operating a vehicle without the owner's consent, and auto theft, defined as joyriding but with the intent to permanently deprive the owner of possession, constituted the same offense under *Blockburger* because joyriding was a lesser-included offense of auto theft. *Id.* at 167. Thus, the Court concluded that a subsequent prosecution for auto theft was barred on double jeopardy grounds due to Brown's earlier conviction for joyriding. The Court rejected the claim that the indictments' specification of different dates[2] for the two charges could alter the fact that they were the same offense. The Court appears to have rejected that claim because the conduct underlying the offenses was the same and occurred at the same time—taking the car from the owner without consent and doing so with the intent of keeping the car.[3]

{¶ 20} *Brown* is not applicable here because appellant committed two offenses by separate conduct that occurred close in time but not at the same time. He first failed to comply with an order to turn his car off and shortly thereafter fled after the officer told him not to leave. Accordingly, double jeopardy does not bar the state from prosecuting him for those two offenses. Accordingly, the trial court did not err by denying his motion to dismiss on double jeopardy grounds, and we overrule appellant's first assignment of error.

### B. Appellant's Driver's License Suspension

{¶ 21} Appellant argues in his second assignment of error that the trial court erred by delaying the imposition of his driver's license suspension until his release from prison. We disagree.

{¶ 22} The trial court suspended appellant's driver's license for three years. *See* R.C. 2925.11(E)(2) (trial court shall suspend driver's license "in addition to any prison term * * * and in addition to any other sanction that is imposed" for possession of drugs violation); R.C. 2921.331(E) (trial court shall suspend driver's license for felony violation of failure to comply "in addition to any other sanction imposed"). The trial court ordered

---

[2] Brown stole the car on November 29, 1973 and was found driving the car nine days later on December 9, 1973.

[3] For example, the Court notes in a footnote, citing *Blockburger*, that this case would be different if joyriding were defined as a separate offense for each day the car was driven without the owner's consent. *Brown* at fn.8. We take this to mean that under those facts, the Court would conclude that each day the car was driven would be different conduct, separate and apart from the auto theft.

that the suspension not take effect until appellant's release from prison. Appellant argues that this is contrary to law. *See State v. Davidek*, 10th Dist. No. 12AP-1009, 2013-Ohio-3831, ¶ 6 (noting appellate review of criminal sentence is to determine "whether clear and convincing evidence establishes that a felony sentence is contrary to law"); R.C. 2953.08(G)(2).

{¶ 23} There is no language in either of the relevant statutes that address whether a trial court may delay the beginning of a mandatory driver's license suspension until after the offender's release from prison. Numerous courts in Ohio, however, have concluded that a deferred suspension is not contrary to law. *State v. Hiles*, 5th Dist. No. 03-CA-24, 2003-Ohio-6290, ¶ 40; *State v. Flores*, 6th Dist. No. WD-04-012, 2005-Ohio-3355, ¶ 52; *State v. Lyons*, 11th Dist. No. 2009-L-034, 2009-Ohio-6515, ¶ 17-18; *State v. Ritchie*, 4th Dist. No. 10CA20, 2011-Ohio-164, ¶ 8-9. We agree.

{¶ 24} Absent statutory indication that the suspension may not be deferred, a trial court acts within its sentencing discretion to order the suspension to be served upon the offender's release from prison. Practically, it makes little sense to prohibit a trial court from delaying the commencement of a driver's license suspension until after the offender's release from prison. *Lyons* at ¶ 18. A driver's license suspension when the offender is in prison would be meaningless, particularly when the suspension would expire before the offender is released from prison. *Hiles* at ¶ 40 (affirming delay of imposition because the "driver's license suspension would have no meaning if it was imposed at the same time as appellant's incarceration").

{¶ 25} Appellant has not demonstrated that the trial court's order to delay the imposition of his driver's license suspension is contrary to law. Accordingly, we overrule appellant's second assignment of error.

## III. Conclusion

{¶ 26} Having overruled appellant's assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.