[Cite as *Norman v. Kellie Auto Sales, Inc.*, 2024-Ohio-5452.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Justin Norman, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-189 |
| v. | : | (C.P.C. No. 17CV-5681) |
| Kellie Auto Sales, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| | : | |

———————————

D E C I S I O N

Rendered on November 19, 2024

———————————

**On brief:** *Law Offices of Thomas Tootle*, and *Thomas C. Tootle* for appellant. **Argued:** *Thomas C. Tootle.*

**On brief:** *Coffman Legal, LLC*, and *Matthew J.P. Coffman*, and *Bryant Legal, LLC*, and *Daniel I. Bryant* for appellee. **Argued:** *Matthew J.P. Coffman.*

———————————

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1}  Defendant-appellant, Kellie Auto Sales, Inc. ("Kellie Auto"), appeals from the judgment of the Franklin County Court of Common Pleas adopting the decision of a magistrate awarding appellate attorney fees sought by plaintiff-appellee, Justin Norman. As discussed below, Kellie Auto has not demonstrated that the trial court erred in awarding the attorney fees sought by Mr. Norman, so its judgment will be affirmed.

## I.  Factual and Procedural Background

{¶ 2}  Kellie Auto sold Mr. Norman a used 2006 Chevy Silverado pickup truck without informing him that it was rebuilt salvage. *Norman v. Kellie Auto Sales, Inc.*, 10th

Dist. No. 18AP-32, 2019-Ohio-360, ¶ 4 (hereinafter "*Norman I*").[1]  After receiving the truck's memorandum title informing him what Kellie Auto had actually sold to him, Mr. Norman retained counsel.  *Id.* at ¶ 5.  The dealership offered to rescind the purchase and refund Mr. Norman, along with a nominal offer of damages.  *Id.* at ¶ 6.  When he refused, Kellie Auto invoked the arbitration provision Mr. Norman had signed when he purchased the truck.  *Id.* at ¶ 7.

{¶ 3}  The arbitrator found that Kellie Auto had knowingly committed an unfair or deceptive act under the Ohio Consumer Sales Practices Act ("OCSPA"), Revised Code Chapter 1345, by selling Mr. Norman the rebuilt salvage in the guise of a used truck.  *Id.* at ¶ 9.  The arbitrator awarded Mr. Norman $7,430 in economic damages and $31,494.50 in attorney fees.  *Id.*  Because the OCSPA entitled Mr. Norman to treble economic damages under R.C. 1345.09, the arbitrator's award totaled $53,911.75, in addition to arbitration costs.  *Id.*

{¶ 4}  After Kellie Auto refused to pay the award, Mr. Norman filed an application to confirm the award and enter judgment under the Ohio Arbitration Act, R.C. 2711.09, in the trial court.[2]  *Id.* at ¶ 11.  After being served with notice of the application, Kellie Auto attempted to "deliver a cure offer to" Mr. Norman under R.C. 1354.092(A), which allows the defendant to offer a settlement to resolve an OCSPA claim after a consumer files suit. If a consumer rejects the cure offer and subsequently receives a lesser award of economic damages, the consumer is not entitled to treble damages, court costs, or attorney fees.  R.C. 1345.092(G).  "Kellie Auto offered $7,430, the amount of economic damage awarded by the arbitrator and $2,500 in attorney fees, according to R.C. 1345.092, plus court costs." *Norman I* at ¶ 22.  Because the amount of economic damages in the arbitrator's award was "not greater than the value" of those in Kellie Auto's cure offer, enforcing the statutory right to cure would have precluded Mr. Norman from obtaining treble damages or attorney fees. R.C. 1345.092(G).

---

[1] For a more detailed account of the parties' transaction and the arbitration proceeding, the reader is referred to paragraphs 1-17 of *Norman I*.

[2] In relevant part, R.C. 2711.09 states: "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

{¶ 5}    Unsurprisingly, Mr. Norman rejected the cure offer, and Kellie Auto filed a motion to modify the arbitrator's award under R.C. 2711.11.  *Norman I* at ¶ 13.  The trial court denied the motion, affirmed the arbitrator's award, and entered judgment in Mr. Norman's favor.  *Id.* at ¶ 14.

{¶ 6}    Kellie Auto appealed, arguing that it was error for the trial court to not recognize its right to tender a cure offer under R.C. 1345.092. *Id.* at ¶ 21. This court agreed, holding that the statute "does not prevent a supplier such as Kellie Auto from attempting to cure the problem with one or more offers to make the buyer whole before any such action, or even arbitration, occurs." *Id.* at ¶ 27. *Norman I* reversed the trial court and remanded "to allow Kellie Auto to present to the court its cure offer and to modify the arbitrator's award" accordingly.  *Id.* at ¶ 35.

{¶ 7}    Mr. Norman filed an application for reconsideration under App.R. 26(A)(1), which this court granted. *Norman v. Kellie Auto Sales, Inc.*, 10th Dist. No. 18AP-32, 2020-Ohio-4311 (hereinafter "*Norman II*").  R.C. 2711.10 authorizes a trial court to vacate an arbitrator's award, and R.C. 2711.11 allows modification of an arbitrator's award, but only under the specific, limited circumstances stated in each statute.  On reconsideration, we concluded that "Kellie Auto did not meet any of the grounds" for vacation of the award and "none of the grounds for modification outlined in R.C. 2711.11 were met."  *Id.* at ¶ 13, 15. We stated:

> Here, no cure offer was made as arbitration proceeded and the arbitrator did not err—requiring vacation or modification—by failing to consider the cure provisions because no cure offer was made for him to assess. The cure offer was made after the arbitrator's powers expired and he was powerless to modify or revoke his award at the time Kellie Auto made the cure offer. Kellie Auto did not meet any of the grounds for vacation or modification in R.C. 2711.10 or 2711.11. Therefore, we agree with Norman that reconsideration is warranted as application of the CSPA cure provisions in this instance did not meet the grounds for vacation or modification pursuant to R.C. 2711.10 or 2711.11.

*Id.* at ¶ 17.

{¶ 8}     Furthermore, because any "grounds for modification or vacation were not met," we declined "to address the merits of the question whether the CSPA cure provisions

apply here." *Id.* at ¶ 18. *Norman II* granted Mr. Norman's application for reconsideration and vacated *Norman I*. *Id.* at ¶ 19.

**{¶ 9}** Kellie Auto applied for reconsideration under App.R. 26(A)(1), as well as rehearing en banc under App.R. 26(A)(2). *Norman v. Kellie Auto Sales, Inc.*, 10th Dist. No. 18AP-32, 2020-Ohio-6953 (hereinafter "*Norman III*"). We denied both requests.[3]

**{¶ 10}** In the trial court, Mr. Norman filed a motion seeking additional attorney fees and costs arising from defending the judgment on appeal. (June 14, 2022 Mot. for Attorneys' Fees and Costs.) The magistrate held a hearing on the motion on October 4, 2022, and issued a decision finding that Mr. Norman was entitled to $82,090.50 in additional attorney fees and $38.75 in costs. (Oct. 6, 2022 Mag.'s Decision.)

**{¶ 11}** Kellie Auto objected to the magistrate's decision on three grounds. (Oct. 20, 2022 Objs.) First, it argued that Mr. Norman was only entitled to attorney fees under the OCSPA, as the arbitrator awarded, but not any subsequent litigation to enforce the award pursuant to the Ohio Arbitration Act, which had no comparable provision awarding attorney fees. *Id.* at 2-4. Kellie Auto argued that it was the "law of the case" that the OCSPA fee-shifting provision could not apply because the trial court had previously stated that the action was "premised" on the Ohio Arbitration Act. *Id.* at 3. Second, Kellie Auto argued that the magistrate had not sufficiently reduced the attorney fee award for work performed by two attorneys, claiming that the work was duplicative and unreasonable. *Id.* at 5-7. Third, it argued that the magistrate should not have awarded attorney fees for time spent preparing for the attorney fee hearing. *Id.* at 7-8.

**{¶ 12}** The trial court overruled Kellie Auto's objections and adopted the magistrate's decision. (Mar. 21, 2023 Decision & Entry.) In its decision, the trial court noted that Kellie Auto had "failed to file or submit a copy of the transcript" to support its objections, as required by Civ.R. 53(D)(3)(b)(iii). *Id.* at 5. It rejected Kellie Auto's "law of the case" argument, noting that the Ohio Arbitration Act was "simply the *procedural* mechanism to enforce *any* type of arbitration award regardless of the underlying cause of

---

[3] Kellie Auto raised the issue of the changing composition of the panel hearing the appeal and application for reconsideration before the Supreme Court of Ohio, which initially declined jurisdiction over the matter. However, it later granted Kellie Auto's motion for reconsideration because a pending case, *Jezerinac v. Dioun*, 168 Ohio St.3d 286, 2022-Ohio-509, was to address the issue. *See Norman v. Kellie Auto Sales, Inc.*, 163 Ohio St.3d 1512, 2021-Ohio-2483. *Jezerinac* rejected the argument that App.R. 26(A)(1)(c) prohibited the appointment of a replacement judge to the original three-judge panel.

action." (Emphasis sic.) *Id.* at 8. In the trial court's view, the situation was "identical" to cases allowing attorney fees for defending an OCSPA claim on appeal, and "to hold otherwise would be to reward [Kellie Auto] for its delay and would defeat the remedial nature of the statute." *Id.* The trial court overruled Kellie Auto's other objections, finding that the magistrate's decision had "thoroughly and correctly examined and deducted for any double billing that may have occurred," and that no fees had been awarded for the attorneys' motion practice or hearing preparation for the fee award. *Id.* at 10-11.

{¶ 13} Kellie Auto appealed the decision on March 28, 2023. On April 3, 2023, the clerk filed a Notice of the Filing of the Record, indicating that it had received the trial court record in accordance with App.R. 11(B).

{¶ 14} On April 21, 2023, Kellie Auto filed a Motion to Supplement the Record under App.R. 9(E), stating that it had ordered the transcript of the magistrate's October 4, 2022 hearing on March 22, 2023, and had only received it a week after the clerk had transmitted the record to this court. An entry summarily granting the motion was filed on April 25, 2023.

{¶ 15} The same day, Mr. Norman filed an application for reconsideration of the decision to grant Kellie Auto's motion to supplement the record. (Apr. 25, 2023 Appellee's Combined Application.) Because Kellie Auto had not ordered the transcript after the hearing, as required by Civ.R. 53(D)(3)(b)(iii), Mr. Norman argued that its motion was an improper attempt to add evidence to the record on appeal. In response, Kellie Auto argued that because its "primary issue with the magistrate's decision was not with any factual finding, but rather with his legal conclusion," it was not required to order a transcript under Civ.R. 53(D)(3)(b)(iii) to support its objections in the trial court. (Apr. 28, 2023 Reply in Opp. at 2.)

{¶ 16} Before turning to Kellie Auto's assignments of error, we first consider Mr. Norman's application to reconsider our ruling granting the motion to supplement the record. Under App.R. 26(A)(1)(a), a party may apply for "reconsideration of any cause or motion submitted on appeal * * *." "The test applied to an application for reconsideration is whether the motion calls to the attention of the court an obvious error in our prior determination or raises an issue that was not properly considered by the court in the first

instance." *Norman II* at ¶ 10, citing *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1982).

{¶ 17} "An objection to a factual finding" of a magistrate "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." *Id.* Here, the trial court found that Kellie Auto's objections did "not comply" with the rule because it had failed to file a transcript or affidavit. (Decision & Entry at 6.) The record does not show that Kellie Auto moved the trial court for an extension of time to have the transcript prepared or reveal any effort by the dealership to remedy the lack of transcript before commencing this appeal.

{¶ 18} Kellie Auto filed its motion to supplement the record under App.R. 9(E), which allows for "[c]orrection or modification of the record." But when it filed the motion, the record was complete. *See* App.R. 9(A)(1) (stating that "[t]the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases"). " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Kellie Auto did not timely request a transcript of the hearing before the magistrate, and it may not remedy that failure by attempting to supplement the record on appeal under App.R. 9(E). An appellate court will not consider a transcript for the first time on appeal "where a transcript is not supplied to the trial court for the purpose of considering objections to a magistrate's factual findings, but is prepared and filed after the objections are overruled." *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14. Because it was an obvious error to grant Kellie Auto's motion to supplement the record with a transcript never seen by the trial court, Mr. Norman's application for reconsideration is granted. Accordingly, the April 25, 2023 entry ordering the clerk to certify and transmit the hearing transcript is vacated.

{¶ 19} Kellie assigns the following as error:[4]

> The trial court failed to follow both the law of the case and Ohio law when it awarded attorney fees for an arbitration enforcement action – a claim providing for no statutory fees. (Decision and Entry Adopting Magistrate's Decision Granting Plaintiff's June 14, 2022 Motion for Attorney Fees.)

## II.  Standard of Review

{¶ 20} An appellate court applies an abuse of discretion standard when reviewing a trial court's decision to award attorney fees. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991); *Phillips v. Ratchet Automotive & Performance*, 10th Dist. No. 19AP-399, 2021-Ohio-1033, ¶ 12.  Questions of law are reviewed de novo, however, with no deference to the trial court. *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, ¶ 17.

## III.  Analysis

{¶ 21} We agree with Kellie Auto that this appeal raises "a question of pure law" only.[5]  (Merit Brief of Appellant at 11.)  We disagree, however, as to what the question of law actually is.  As the framing of its assignment of error indicates, Kellie Auto believes that the attorney fee award was improper because the Ohio Arbitration Act has no provision for awarding attorney fees to a prevailing party.  In its view, the only relevant law for assessing whether Mr. Norman is entitled to appellate attorney fees is the Ohio Arbitration Act because that statute allowed him to file an application in the trial court to enforce the arbitrator's award. *See id*. at 13 ("Plaintiff now seeks additional fees for work performed in enforcing the arbitration award.").

{¶ 22} Mr. Norman, however, has never sought attorney fees under the Ohio Arbitration Act.  The arbitrator's award premised his original award of attorney fees under R.C. 1345.09(F)(2), a provision of the OCSPA that states: "The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed [if] * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." A prevailing party under R.C. 1345.09(F) is entitled to seek attorney fees for "work

---

[4] Mr. Norman initially asserted a cross-appeal concerning postjudgment interest, but voluntarily dismissed it. (July 10, 2023 Plaintiff-Appellee's Notice of Withdrawal of Cross-Appeal.)

[5] Kellie Auto's appeal raises a question of law only, and does not contest the amount of attorney fees awarded or the trial court's basis for the calculation.

reasonably performed" both in the trial court and on appeal after judgment. *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.*, 82 Ohio App.3d 764, 765 (2d Dist.1991). The Supreme Court of Ohio has expressly affirmed that a party may seek appellate attorney fees under R.C. 1345.09(F). *Parker v. I&F Insulation Co.*, 89 Ohio St.3d 261, 263 (2000) (stating that could not "find any reason to disagree with the *Tanner* court's holding that a prevailing party may recover appellate attorney fees in an action under R.C. Chapter 1345").

{¶ 23} The question of law raised by Kellie Auto's appeal is whether a party awarded attorney fees under R.C. 1345.09(F) pursuant to an arbitration award subsequently confirmed under R.C. 2711.09 is also entitled to appellate attorney fees after prevailing in an appeal challenging the confirmation. Several provisions of the Ohio Arbitration Act are relevant to this question. After a party applies "to the court of common pleas for an order confirming the award * * * the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." R.C. 2711.09. Of particular importance to the question raised is the following provision of the Act: "The judgment so entered shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action. Such judgment may be enforced as if rendered in an action in the court in which it is entered." R.C. 2711.14. If the parties had not been required to arbitrate their OCSPA dispute, Mr. Norman could have filed an OCSPA claim in the trial court and obtained judgment. The "laws relating to" that judgment, including R.C. 1345.09(F) and the holding in *Parker*, would have entitled him to seek attorney fees after prevailing on any appeal from it. *Id.* Under R.C. 2711.14, the judgment entered after confirmation of the arbitration award is equivalent to any judgment Mr. Norman could have obtained on his OCSPA claim if he had been allowed to litigate it there. As the statute states, a judgment confirming the award "may be enforced as if rendered in an action" in that court, and Mr. Norman would have been entitled to seek appellate attorney fees in such an action. *Parker* at 263. He was, therefore, entitled to seek appellate attorney fees after successfully defending the judgment.

{¶ 24} Kellie Auto has two arguments to the contrary. First, it argues that awarding Mr. Norman appellate attorney fees is contrary to the holding of *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143 (1991). In that case, the court set forth a method for awarding "reasonable attorney fees" under R.C. 1345.09(F)(2). *Bittner* at 143 (stating that "the trial

court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B)," the rule governing attorney fees in effect at that time). However, the statute did not entitle the plaintiff's attorneys to pursue fees for the time they spent on a breach of contract claim. *Id.* at 145. "Where, as here, the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." *Id.*

{¶ 25} Kellie Auto argues that because "[t]he enforcement of an arbitration award, standing alone, is separate and distinct from the CSPA claim," *Bittner* precludes awarding Mr. Norman's attorneys any fees incurred on appeal. (Merit Brief of Appellant at 17.) But the arbitration award does not stand alone as a claim for relief. As the trial court noted, the Ohio Arbitration Act "is simply the *procedural* mechanism to enforce *any* type of arbitration award regardless of the underlying cause of action." (Emphasis sic.) (Mar. 21, 2023 Decision & Entry at 8.) For this reason, "this case does not involve a *standalone* breach of contract claim or any other type of independent claim, and is actually a claim that has *stemmed* from [Kellie Auto's] initial CSPA violation, and is merely the means by which [he] was forced to use to secure and collect his valid judgment on his prior CSPA claim." (Emphasis sic.) *Id.* The trial court's reasoning is consonant with R.C. 2711.14 in that its judgment confirming the arbitration award has "in all respects the same effect as, and be subject to all laws relating to, a judgment in an action" containing only an OCSPA claim, and Mr. Norman's "judgment may be enforced as if rendered" by the trial court.

{¶ 26} The General Assembly amended the OCSPA to include the attorney fees provision under R.C. 1345.09(F) "to prevent unfair, deceptive, and unconscionable acts and practices, to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices." *Bittner* at 144, quoting 137 Ohio Laws, Part II, 3219. "Prohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the [OSCPA]." *Id.* Because "[s]tatutory claims may be arbitrated so long as the claimant may 'effectively vindicate his or her statutory cause of action' through

arbitration," it would undermine the purpose of the OCSPA to hold that only a prevailing party who litigates their claim in common pleas court is entitled to attorney fees after defending the judgment on appeal. *Hedeen v. Autos Direct Online, Inc.*, 8th Dist. No. 100582, 2014-Ohio-4200, ¶ 46, quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991) (holding that a fee-shifting provision of arbitration agreement was against public policy because it undermined the remedial goal of R.C. 1345.09(F)). To hold that Mr. Norman is foreclosed from seeking appellate attorney fees because his OCSPA claim was decided by an arbitrator instead of a jury would undermine the statute's remedial purpose.

{¶ 27} Kellie Auto's other main argument is that the award of appellate attorney fees violated the doctrine of the law of the case because the trial court, in its November 30, 2017 entry confirming the award, stated that the offer to cure provision of R.C. 1345.092(A) was "inapplicabl[e]" to the matter, and that "this action is premised upon R.C. 2711 *et seq.*" (Merit Brief of Appellant at 16-17.) According to Kellie Auto, this statement amounts to an "admission" that "this action is predicated under the Arbitration Act (and not the [OCSPA])." *Id.* at 17.

{¶ 28} "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, ¶ 1, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The question of whether Mr. Norman is entitled to pursue appellate attorney fees was not addressed, much less resolved, in a previous appeal. Because Kellie Auto points to no previous holding of this court that contradicts the trial court's decision to award attorney fees, the doctrine of the law of the case does not apply. Because the trial court did not err when awarding fees to Mr. Norman's attorneys for the appellate work performed under R.C. 1345.09(F), the assignment of error is overruled.

## IV. Conclusion

{¶ 29} For the foregoing reasons, Kellie Auto's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

_____