**[Cite as *State v. Abdi*, 2026-Ohio-91.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 24AP-312 |
| | | (C.P.C. No. 23CR-1822) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Sadiq M. Abdi, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 13, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, *Michael A. Walsh*, and *Seth L. Gilbert*, for appellant. **Argued:** *Seth L. Gilbert*.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Robert D. Essex*, for appellee. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the April 18, 2024 judgment of the Franklin County Court of Common Pleas granting defendant-appellee Sadiq M. Abdi's motion to dismiss. For the following reasons, we reverse the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 25, 2023, two complaints were filed in the Franklin County Municipal Court charging appellee with criminal offenses. The first charge was discharging weapons, a violation of Columbus City Code 2323.30(A), a misdemeanor of the first degree. The second charge was improperly discharging a firearm at or into a habitation, a violation of R.C. 2923.161(A)(1), a felony of the second degree.

{¶ 3}   The following are the allegations giving rise to these complaints.   On March 25, 2023, Columbus Police Department ("CPD") officers were dispatched to the Wellington Woods Apartment Complex on a report of shots fired.  Upon their arrival, the officers spoke with individuals who stated that a male was firing multiple gunshots indiscriminately from the second level breezeway of one of the buildings.  The suspect was seen coming in and out of an apartment with a gun in his hand.  Appellee was identified as the suspect and was placed into custody.  Officers located a handgun in the apartment.  Officers also located four spent shell casings inside appellee's apartment and six spent shell casings outside.  During the investigation, it was learned that one of the bullets went through appellee's apartment floor and entered the apartment below.

{¶ 4}   On April 4, 2023, the felony charge was dismissed at the request of the Franklin County Prosecutor's Office.

{¶ 5}   On April 11, 2023, a Franklin County Grand Jury indicted appellee on one count of improperly discharging a firearm at or into a habitation or a school safety zone, a violation of R.C. 2923.161, a felony of the second degree.  The charge was accompanied by a three-year firearm specification.

{¶ 6}   On April 12, 2023, appellee pled guilty to an amended charge of attempted discharging weapons, a misdemeanor of the second degree.  He was sentenced to 90 days in jail, with credit for 5 days served.  The remaining days were suspended on the condition appellee have no convictions for one year.

{¶ 7}   Appellee subsequently filed a motion to dismiss the felony indictment on the grounds that it was a re-prosecution in violation of Ohio's allied offense statute and the double jeopardy clauses of the United States and Ohio Constitutions.  The state filed a memorandum contra opposing appellee's motion.

{¶ 8}   A hearing on appellee's motion was held on February 29, 2024.

{¶ 9}   Ultimately, the trial court granted appellee's motion and dismissed the indictment.  In its decision, the trial court found that attempted discharge of a weapon and improperly discharging a firearm at or into a habitation were allied offenses.  It also ruled that the felony indictment violated the double jeopardy clauses of the United States and Ohio Constitutions.

{¶ 10}  It is from that judgment that the state now appeals.

## II.  ASSIGNMENTS OF ERROR

{¶ 11}  Appellant assigns the following as trial court errors:

> [1.] The trial court committed reversible error in dismissing the indictment based on double jeopardy.

> [2.] The trial court committed reversible error in dismissing the indictment based on R.C. 2941.25.

## III.  STANDARD OF REVIEW

{¶ 12}  A trial court's ruling on a motion to dismiss criminal charges is reviewed de novo.  *State v. Bridges*, 2015-Ohio-4480, ¶ 7 (10th Dist.).  Likewise, an appellate court reviews a trial court's merger decision de novo.  *State v. Johnson*, 2019-Ohio-4265, ¶ 10 (10th Dist.).  Under the de novo standard of review, an appellate court affords no deference to the trial court's decision and conducts an independent review of the record.  *Bridges* at ¶ 7.

## IV.  LEGAL ANALYSIS

{¶ 13}  Initially, it should be noted that pursuant to App.R. 9(E), appellee filed a motion to supplement the record, as well as a supplemental motion to supplement the record.  Appellee seeks to add the complaints filed in the Franklin County Municipal Court in this matter.  The state opposes appellee's motions.

{¶ 14}  A review of the record reveals that the complaints with which appellee seeks to supplement the record were neither attached to his motion to dismiss nor admitted as exhibits at the motion hearing.  Thus, the trial court did not consider these proposed exhibits in making its decision.  App.R. 9(E) is a mechanism by which this court can correct an omission in the record that occurred by error, accident, or misstatement.  That is not what happened here.  The complaints were simply not offered as exhibits below.  They were not left out of the record by mistake.  "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus; *see also Norman v. Kellie Auto Sales, Inc.*, 2024-Ohio-5452, ¶ 18 (10th Dist.).

{¶ 15}  Based on the foregoing, we deny appellee's motions to supplement the record.  Even if we were to consider appellee's proposed exhibits, it is unclear what they would add

to the record. In fact, the complaints appear to be duplicative of evidence already considered by the trial court. Thus, in addition to our analysis above, we find that it is unnecessary to supplement the record with the complaints.

{¶ 16} In its first assignment of error, the state asserts that the trial court erred in dismissing appellee's indictment on double jeopardy grounds. The main crux of the state's argument is that the misdemeanor and felony were based on separate and distinct conduct. More specifically, the state contends that each gunshot represented a different allowable unit of prosecution.

{¶ 17} "The Double Jeopardy Clause of the United States Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Jordan*, 2015-Ohio-4457, ¶ 11 (10th Dist.). The Fourteenth Amendment applies these protections to the states. *Id.* Furthermore, Ohio Const., art. I, § 10 states: "No person shall be twice put in jeopardy for the same offense."

{¶ 18} This matter involves an accused who is allegedly being successively prosecuted for the same offense. To resolve this issue, the Supreme Court of Ohio has adopted the test articulated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *State v. Zima*, 2004-Ohio-1807, ¶ 18. As stated in *Zima*, the *Blockburger* test is as follows:

> "The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Zima* at ¶ 19, quoting *State v. Best*, 42 Ohio St.2d 530 (1975), paragraph three of the syllabus.

{¶ 19} "Courts in this state have rejected double jeopardy claims where the charged offenses arose from separate conduct or acts." *Jordan* at ¶ 16. " 'If the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable.' " *Id.*, quoting *State v.*

*Bentley*, 2001 Ohio App. LEXIS 5698, *17 (4th Dist. Dec. 6, 2001). We acknowledge that "the prosecution may not avoid the limitations of the Double Jeopardy Clause by merely 'dividing a single crime into a series of [distinct] temporal and spatial units.' " (Brackets in original.) *State v. Hoffmeyer*, 1992 Ohio App. LEXIS 6608, *7 (9th Dist. Dec. 30, 1992), quoting *Brown v. Ohio*, 432 U.S. 161, 169 (1977). "However, 'the fact that a defendant has been put in jeopardy upon a trial for one criminal act is no bar to a prosecution for a separate and distinct criminal act merely because such acts are closely connected in point of time, place, and circumstances.' " *Hoffmeyer* at *7, quoting *State v. Wallen*, 21 Ohio App.2d 27, 36 (5th Dist. 1969).

{¶ 20} In this matter, appellee was charged in the Franklin County Municipal Court with discharging weapons, a violation of Columbus City Code 2323.30(A), which states as follows: "No person shall discharge or cause to be discharged any firearm, airgun or other instrument used to explode any cartridge or thing filled with any explosive substance or material." Appellee was also initially charged in the Franklin County Municipal Court with improperly discharging a firearm at or into a habitation, a violation of R.C. 2923.161(A)(1), a felony of the second degree. That section states as follows: "No person, without privilege to do so, shall knowingly . . . [d]ischarge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual[.]" R.C. 2923.161(A)(1). The felony charge was originally dismissed, but appellee was subsequently indicted by a Franklin County Grand Jury on the same charge.

{¶ 21} After an independent review of the record, we agree with the state that appellee's felony and misdemeanor charges were based on separate and distinct conduct. Based on a review of the probable cause affidavits, appellee allegedly fired ten shots total, both inside and outside the apartment. The parties agreed that this conduct occurred over the course of five to ten minutes. The only gunshot that allegedly fits the elements of improperly discharging a firearm at or into a habitation is the one that travelled through appellee's floor into the apartment below.

{¶ 22} Appellee points out that the identical nature of the probable cause affidavits is evidence that both charges related to the same conduct. However, as illustrated above, the probable cause affidavits lay out sufficient facts to establish separate and distinct facts to support both charges independently. Furthermore, the fact that two separate complaints

were filed and disposed of at different times is strong evidence that the charges related to different gunshots. Appellee's argument that each affidavit contains 3:17 p.m. as the time of both offenses is misplaced. A review of the affidavits reveals that the officers were dispatched to the location at 3:17 p.m., not that the gunshots occurred at that time. Thus, the time on the affidavits related to when law enforcement learned of the offenses. It was nearly impossible to determine the time of each gunshot.

{¶ 23} Appellee relies heavily on the Supreme Court's decision in *State v. Mutter*, 2017-Ohio-2928. However, we find *Mutter* to be distinguishable. The *Mutter* court held that the defendants' felony charges for ethnic intimidation were successive prosecutions after they were already convicted of aggravated menacing. *Id.* at ¶ 23. However, in *Mutter*, aggravated menacing was a predicate offense for the ethnic intimidation charge. *Id.* at ¶ 20. Here, discharging weapons is not a predicate offense of improperly discharging a firearm at or into a habitation. Moreover, in *Mutter*, the state conceded that the charges arose out of the same incident. *Id.* at ¶ 8. Here, the state is specifically arguing that the charges are based on separate and distinct conduct.

{¶ 24} Appellee also argues that his negotiated plea in the misdemeanor case created a reasonable belief that by pleading guilty he was resolving the entire case. Thus, appellee argues that the state is contractually barred from bringing the felony charge against him. We disagree. First, there is nothing in the record detailing the plea agreement reached in the misdemeanor case. There is no indication that part of that agreement was to resolve the entire matter, including any felony charges. Second, appellee's guilty plea in the municipal court could not have given rise to a reasonable belief that he was also resolving any potential felony charges. At the time he entered into the misdemeanor plea agreement, the felony charge had already been dismissed by the Franklin County Prosecutor's Office. Absent an explicit agreement that a felony charge would not be sought after his misdemeanor guilty plea, it would be extremely difficult for appellee to reasonably believe that he was also resolving a charge that was not on the table at that point.

{¶ 25} Based on the foregoing, we find that the trial court erred in dismissing appellee's indictment on double jeopardy grounds.

{¶ 26} In the state's second assignment of error, it claims that the trial court committed reversible error by dismissing the indictment based on R.C. 2941.25. More

specifically, the state argues that R.C. 2941.25 does not authorize pretrial dismissal. Even if R.C. 2941.25 did authorize pretrial dismissal, the state argues that appellee's misdemeanor and felony charges were of dissimilar import and committed with a separate animus. In response, appellee generally relies on his previous argument that the offenses were committed with the same conduct.

{¶ 27} Initially, the state concedes that it did not raise in the trial court the issue of whether R.C. 2941.25 authorizes pretrial dismissal. Thus, the trial court did not rule on that issue. The state asks us to determine whether the trial court plainly erred in dismissing this matter pursuant to R.C. 2941.25. However, assuming arguendo that pretrial dismissal is a proper remedy under R.C. 2941.25, we find that appellee's misdemeanor and felony charges are not allied offenses.

{¶ 28} R.C. 2941.25 states as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 29} "To determine whether two offenses are allied offenses that merge into a single conviction, a court must evaluate three separate factors: the conduct, the animus, and the import." *State v. Harris*, 2016-Ohio-3424, ¶ 42 (10th Dist.). "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *State v. Ruff*, 2015-Ohio-995, ¶ 25. "Ultimately, if the harm resulting from each offense is separate and identifiable, the offenses are of dissimilar import and do not merge." *Johnson*, 2019-Ohio-4265, at ¶ 13 (10th Dist.).

{¶ 30} In *Johnson* at ¶ 20, we concluded that the appellant's convictions for voluntary manslaughter and discharge of a firearm on or near prohibited premises did not merge because they each caused separate harm. The harm for voluntary manslaughter was the death of the victim. *Id.* at ¶ 17. The harm for discharge of a firearm on or near prohibited premises was the risk to the general public. *Id.* Appellee asserts that the misdemeanor in this matter had no separate, identifiable harm. However, we find *Johnson* instructive. The harm for misdemeanor discharging weapons, like discharging a firearm on or near prohibited premises in *Johnson*, was the risk to the general public. As previously noted, appellee is alleged to have fired ten gunshots, both inside and outside his apartment over the course of five to ten minutes. Any of the gunshots fired outside put the general public at risk. On the other hand, the harm caused by appellee's improperly discharging a firearm at or into a habitation charge was clearly the damage to the apartment below and the risk to its occupants. Thus, having found that appellee's misdemeanor and felony charges were of dissimilar import, we find that the trial court erred in dismissing the felony charge as an allied offense. *See State v. Coffman*, 2010-Ohio-1995, ¶ 8 (10th Dist.) (offenses committed by different gunshots occurring during a single shooting incident do not merge).

{¶ 31} Based on the foregoing, we find that the trial court erred in dismissing appellee's indictment pursuant to R.C. 2941.25.

## V. CONCLUSION

{¶ 32} Having sustained both of the state's assignments of error, the judgment of the Franklin County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded.*

BEATTY BLUNT and DINGUS, JJ., concur.

––––––––––––––––