THE STATE OF OHIO, APPELLEE, *v.*
PRICE, APPELLANT.

(No. C-840615—Decided May 1, 1985.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Paul R. Markgraf,* for appellee.

*Peter Pandilidis,* for appellant.

*Per Curiam.* This cause came on to be heard upon appeal from the Court of Common Pleas of Hamilton County.

Defendant, William Price, asserts in his sole assignment that the court of common pleas erred when it denied his motion to dismiss the charge of aggravated burglary in violation of R.C. 2911.11. He contends that under the doctrine of double jeopardy, his earlier adjudication of guilt in the court of common pleas' juvenile division for contributing to the delinquency of a minor in violation of R.C. 2151.41 bars any prosecution for aggravated burglary. The assignment of error is without merit.

On March 16, 1984 three juveniles including Aaron Stinson, thirteen years of age, broke a window in a residence at 10080 Grandview Avenue.[1] They entered the house and removed a number of items including a television set and various pieces of costume jewelry. They met the defendant later on that same day, returned to the house with him, and under his guidance removed more items.

On March 28, 1984 defendant was charged with tending to cause the delinquency of Aaron Stinson as a result of the incident on March 16. On April 12, defendant was indicted for the aggravated burglary of the house on 10080 Grandview Avenue. Defendant was tried to the juvenile court on May 9, 1984, found guilty and sentenced to one hundred and eighty days' imprisonment. On May 29 defendant moved to dismiss the aggravated burglary charge pending in the court of common pleas on the ground of double jeopardy. The motion was overruled. Defendant timely appealed the overruling of his motion pursuant to R.C. 2953.02 and 2505.02. *State v. Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], certiorari denied (1980), 449 U.S. 852, first paragraph of the syllabus (the overruling of a motion to dismiss on a plea of double jeopardy is a final appealable order).

Four elements must be established in order to sustain a claim of double jeopardy: (1) a former prosecution in the same state for the same offense; (2) the same individual was in jeopardy on the first prosecution; (3) the parties in the first and second prosecutions are identical; and (4) the particular offense on which jeopardy attached in the first prosecution operates as a bar to the second prosecution. *State v. Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517], paragraph two of the syllabus.

---

[1] The transcript from the juvenile court proceeding is not included in the record, and we do not know how or why the juveniles later met with defendant, or the nature of that contact.

While defendant meets the second and third elements, his claim fails on both the first and fourth elements, because he was not prosecuted in the court of common pleas for the "same offense" of which he was found guilty in the juvenile division. The offense to which jeopardy attached in the first prosecution does not operate as a bar to the second prosecution.

The test for establishing whether a single act or transaction[2] that violates two distinct statutory provisions constitutes the "same offense" for purposes of a double jeopardy analysis is whether each statute requires proof of a fact that the other does not. *Blockburger* v. *United States* (1932), 284 U.S. 299, 304.

R.C. 2151.41 provides in part that "[n]o person shall * * * aid, abet, induce, cause, encourage, or contribute to the * * * delinquency of a child or a ward of the juvenile court, or act in a way tending to cause delinquency or unruliness in such child." The element of a child's involvement is paramount to a conviction pursuant to R.C. 2151.41.

R.C. 2911.11 provides in part that "[n]o person * * * shall trespass in an occupied structure * * * with purpose to commit therein any theft offense." There is absolutely no requirement that a child be involved and there are the additional elements, unrequired by R.C. 2151.41, that (1) a dwelling be entered with (2) the purpose of committing a theft offense therein. Each statutory provision requires proof of at least one additional fact that the other does not. While it may be true that there was one "act" (the burglarizing of 10080 Grandview with at least one minor), two offenses resulted. The test is not whether defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. *Gavieres* v. *United States* (1911), 220 U.S. 338, 342. Defendant's assignment of error is overruled.

We affirm the judgment of the court below.

*Judgment affirmed.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.

---

[2] Because the transcipt of proceedings before the juvenile court was not included in the record on appeal, we must assume that a single act (the actual entry into the residence at 10080 Grandview) constituted the basis of both offenses. Had each offense derived from a temporally separate and unrelated act, there would obviously have been no basis to defendant's double jeopardy claim. See *State* v. *Frazier* (1979), 58 Ohio St. 2d 253 [12 O.O.3d 263].