[Cite as *State v. White*, 2021-Ohio-2441.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109945 |
| v. | : | |
| KENNETH M. WHITE, JR., | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 15, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646073-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Kenneth M. White, Jr., appeals his sentence, contending that the law under which he was sentenced — the Reagan Tokes Law — is unconstitutional. Finding no merit to the appeal, we affirm.

## I.   Background

{¶ 2} In November 2019, a Cuyahoga County Grand Jury indicted White on a 24-count indictment. The charges included involuntary manslaughter, drug trafficking, and other counts related to the overdose death of the victim, as well as counts for drug trafficking, drug possession, and weapons charges related to the execution of a search warrant at White's home.

{¶ 3} In July 2020, White entered into a plea agreement with the state in which he agreed to enter guilty pleas in this case and another pending case. In this case, White pleaded guilty to Count 1, as amended, reckless homicide in violation of R.C. 2903.031(A), a third-degree felony; Counts 3 and 11, drug trafficking in violation of R.C. 2925.03(A)(1), fifth-degree felonies; Counts 5 and 8, drug trafficking in violation of R.C. 2925.03(A)(1), fourth-degree felonies; Counts 14 and 16, drug trafficking in violation of R.C. 2925.03(A)(2), with juvenile, schoolyard, forfeiture, and one-year firearm specifications, first-degree felonies; Count 20, having weapons while under disability in violation of R.C. 2923.13(A)(3), with a forfeiture specification, a third-degree felony; Count 22, possessing criminal tools with a forfeiture specification, in violation of R.C. 2923.24(A), a fifth-degree felony; and Count 24, endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor. Pursuant to the plea agreement, all remaining counts were nolled.

{¶ 4} The record reflects that at the plea hearing, before White entered his plea, the prosecutor explained that the Reagan Tokes Law applied to Counts 14 and 16, and that as part of the plea agreement, the parties had stipulated to an agreed

minimum sentencing range of 6 to 12 years, irrespective of the one-year firearm specifications in both cases. Defense counsel confirmed that the prosecutor's explanation of the plea agreement was correct. In discussing possible penalties with White prior to his plea, the trial judge reviewed the agreed minimum sentencing range with him and confirmed his understanding of the agreed range. The judge also explained to White that because there were one-year firearm specifications in both this case and the other case in which he would be pleading guilty, the court was required to impose a one-year prison term on each firearm specification, to be served prior to and consecutive with whatever time the court imposed on the underlying offenses. White indicated that he so understood.

{¶ 5} At the sentencing hearing, prior to sentencing White, the trial court confirmed with both the prosecutor and defense counsel that the Reagan Tokes Law was applicable to Counts 14 and 16. The trial court then sentenced White to one year incarceration on each of the firearm specifications, to be served prior to and consecutive with a minimum sentence of 10 years and a maximum term of 15 years on Count 14. The trial court ordered the sentences imposed on the remaining counts to be served concurrently with the sentence on Count 14 and the firearm specifications, for a total sentence of 12 to 17 years.

{¶ 6} This appeal followed.

## II. Law and Analysis

{¶ 7} Senate Bill 201, commonly known as the Reagan Tokes Law, became effective on March 22, 2019. Under the law, qualifying first- and second-degree

offenses committed on or after March 22, 2019, are subject to the imposition of an indefinite prison sentence. The law specifies that these terms will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by formulas set forth in R.C. 2929.144.

{¶ 8} The law establishes a presumptive release date at the end of the minimum term. R.C. 2967.271(B). The Ohio Department of Rehabilitation and Correction ("ODRC") may rebut that presumption, however, and keep the offender in prison for an additional period not to exceed the maximum term imposed by the trial judge. R.C. 2967.271(C). In order to rebut the presumption, the ODRC must hold a hearing and determine whether one or more of the factors set forth in R.C. 2967.271(C)(1), (2), and (3) apply.

{¶ 9} In his single assignment of error, White contends that the indefinite sentencing scheme established by the Reagan Tokes Law, as applied in this case to Counts 14 and 16, is unconstitutional because it violates constitutional guarantees of a right to trial by jury and the separation of powers doctrine. We decline to consider White's assignment of error, however, because he did not object to his sentence nor raise any constitutional challenge to the Reagan Tokes Law in the trial court.

{¶ 10} "It is well established that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could

have been avoided or corrected by the trial court.'" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). As the Ohio Supreme Court explained in *Awan*, "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *Id.* By not raising the constitutionality of the Reagan Tokes Law in the trial court, White forfeited his constitutional challenges to the law, and we will not consider them for the first time on appeal.[1]

**{¶ 11}** Our holding is consistent with other decisions by this court that have declined to address constitutional challenges to the Reagan Tokes Law when defendants did not object to their sentences or otherwise raise the issue of the constitutionality of the law in the trial court. *See, e.g., State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 9; *State v. Medina,* 8th Dist. Cuyahoga No. 109693, ¶ 24-25; *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991,

---

[1] White's citation to *Reading v. Pub. Util. Comm. of Ohio*, 109 Ohio St.3d 193, 2006-Ohio-2181, 846 N.E.2d 840, as support for his assertion that facial challenges to a statute may be raised by a criminal defendant for the first time on appeal is unavailing. *Reading* involved an appeal from a decision of an administrative agency. As the Ohio Supreme Court explained, because administrative agencies do not have the authority to declare a statute unconstitutional, and because extrinsic facts are not necessary to determine whether a statute is unconstitutional on its face, the court could consider the appellant's facial challenge to the statute at issue for the first time on appeal. *Id.* at ¶ 13-15. The same reasoning does not apply in criminal cases, however, where the trial court does indeed have the authority to declare a statute unconstitutional. Accordingly, the Ohio Supreme Court has made it clear that in criminal cases, constitutional challenges — whether facial or applied — must first be raised in the trial court. *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, citing *Awan* at 122; *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 44, citing *Quarterman* at ¶ 15.

¶ 12-19; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10.

{¶ 12} We recognize that an appellate court has discretion "to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988); *see also Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 16. We decline to exercise this discretion, however, because as part of the plea agreement, White agreed to the minimum sentencing range he now challenges, and he was sentenced within that range. The assignment of error is therefore overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
EMANUELLA D. GROVES, J., CONCUR