[Cite as *Cleveland Hts. v. Preston*, 2026-Ohio-344.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CITY OF CLEVELAND HEIGHTS,  :

    Plaintiff-Appellee,  :

                                         No. 114908

    v.  :

JAZMANE PRESTON,  :

    Defendant-Appellant.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 5, 2026

---

Criminal Appeal from the Cleveland Heights Municipal Court
Case Nos. TRD-2500312 and TRD-2500489

---

### *Appearances:*

William Hanna, City of Cleveland Heights Director of Law, and Pamela L. Roessner, City of Cleveland Heights Prosecutor, *for appellee.*

Jazmane Preston, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Jazmane Preston ("Preston") was convicted of three traffic violations and appeals various aspects of the trial court's proceedings concerning these violations and her convictions.

**Facts and Procedural History**

{¶ 2} On January 10, 2025, Cleveland Heights police officers issued a traffic citation to Preston for violation of Cleveland Heights Cod.Ord. ("CHCO") 337.13(A) driving with one only one headlight and for a violation of CHCO 335.10(D) for having an expired license plate.

{¶ 3} On January 16, 2025, Cleveland Heights police officers issued a second traffic citation to Preston for again violating CHCO 335.10(D) by driving with an expired plate.

{¶ 4} Preston was scheduled to be arraigned on January 29, 2025, for both citations. A review of the transcript from that date shows that the first question asked by the court was, "Are you Jazmane Preston?" Preston was nonresponsive, replying with, "I would like to reserve my right to not make any statements at this time, but I do have a few questions." The court again asked Preston to identify herself to which Preston responded, "I am the attorney-in-fact on behalf of Jazmane Preston." The court asked her for her bar number, to which Preston responded, "Attorney-in-fact." The court asked for her bar number again and also if she was a licensed attorney by the Ohio Supreme Court, to which Preston responded "No." The court asked Preston for her name two more times but did not receive responsive answers from Preston. The court advised Preston that if she did not identify herself the court was going to hold her in contempt and put her in jail until she complied. Preston's response was, "I said I'm the attorney-in fact on behalf –" after which the

court asked her to have a seat in the jury box so it could continue with the rest of the scheduled arraignments.

{¶ 5} After finishing the other arraignments, the court recalled Preston and once again asked her, "Are you Jazmane Preston?" Preston did not identify herself. The court explained again that she was required to identify herself and if she refused she would be put in jail and given an attorney. The court asked her again to identify herself and finally Preston responded with her name.

{¶ 6} The court then attempted to continue with the arraignment and explained the charges being brought against her in the two cases, the possible jail time she faced and the maximum fine for each offense. When the court asked if Preston understood the charges, she stated, "No." The court then proceeded to read the complaints for each case and asked her if she watched the video explaining her rights. Preston at first did not respond to whether she watched the video, but once she did, she stated that she had questions about her rights. When the court asked what her questions were regarding her rights, Preston began talking about being the attorney-in-fact and her right to counsel. The court asked again if she was licensed to practice law in Ohio. Preston replied she was under the impression that the bar does not actually administer licenses to practice law and instead just issues member cards.

{¶ 7} The trial court explained that for her to be an attorney in Ohio she must be licensed by the Ohio Supreme Court and that if she was not licensed she was likely committing a crime for acting as an attorney when she is not. Preston

asked the court the difference between an attorney-in-fact and an attorney-at-law. The court again asked if she was licensed to practice law by the Ohio Supreme Court. Preston did not answer the question. The court asked again and Preston stated she "would like to exercise [her] right to not make any statements at this time on that matter." The court asked again if she was an attorney and Preston again stated she wanted to reserve her right not to make a statement on the matter.

{¶ 8} At this point the court decided to hold Preston in contempt and explained to Preston she was going to be arrested on contempt charges and would be held in jail. The court then asked again if she was a licensed attorney in Ohio. Preston did not answer the question, stating she does not understand what "being a licensed to practice law has to do with this trial." The court then asked Preston if she wanted an attorney to represent her or if she would represent herself for the contempt charge. Preston responded with another unresponsive question so the court asked her again. Preston then stated she wanted to reserve her "right to talk to an attorney before entering a plea today." The court held Preston in contempt without bond. She was arrested and the court ordered an attorney to be assigned to represent her regarding the charge.

{¶ 9} The next morning, January 30, 2025, Preston's cases were called and she appeared before the court. When asked if her name was Jazmane Preston, she responded "Yeah." The court explained the charges against her for the two traffic cases and asked if she understood the nature of the charges to which Preston responded, "I understand the charges." The court asked if she watched the rights

video and if she had any questions about her rights. Preston responded that she watched the video and did not have questions at that time. The court asked Preston what plea she was going to enter on the charges and Preston replied with "not guilty." The court asked if Preston was going to hire an attorney to represent her and Preston stated she was going to represent herself. The court asked if she wanted additional time before setting the trial to which Preston responded, "No" and the court marked her nonwaiver of time. The court set both cases for trial on February 6, 2025.

{¶ 10} The court then addressed Preston regarding the contempt charge. The court inquired if she was able to speak with the attorney assigned to represent her regarding this charge, which Preston acknowledged. When asked if Preston wanted the attorney to represent her for the contempt charge Preston responded, "No, thank you." The court assigned the attorney as stand by counsel.

{¶ 11} The court inquired into Preston's employment, finances and dependents with Preston responding to the court's questions. Given Preston's cooperation and compliance, the court decided to purge the contempt charge and ordered Preston released.

{¶ 12} On February 6, 2025, Preston's case proceeded to trial. The court explained to Preston she had the right to an attorney and asked her if she wanted one for the trial. Preston stated she wanted to proceed without one.

{¶ 13} In her opening statement Preston made a motion to dismiss the matter alleging the prosecutor failed to state a claim for which relief could be granted. The court denied the motion.

{¶ 14} The prosecutor called three witnesses. The first two witnesses were Cleveland Heights Police Officers Douglas Evans and Andrew Trhlin both of whom testified regarding the citation issued January 10, 2025. The officers testified similarly that while on patrol that evening, they witnessed a black 2005 Buick driving with only one headlight lit. They pulled the vehicle over and identified the driver as Preston. The officers ran her information in the Law Enforcement Automated Data System ("LEADS"), which showed that the license plate for the Buick had expired on May 13, 2024. The officers issued her a citation for the headlight and expired license plate.

{¶ 15} The prosecutor called Cleveland Heights Police Officer Patrick Burke who testified that he was on patrol on January 16, 2025, when he noticed a black 2005 Buick drive by with a white license plate sticker, which he believed meant the plate was expired. The officer ran the plates in LEADS and confirmed the license plate was expired. He initiated a traffic stop on the vehicle. The driver of the vehicle was Preston. The officer issued a citation for the expired license plate.

{¶ 16} Preston cross-examined each witness. The prosecution rested and the court admitted two LEADS print outs that the officers testified about into evidence over Preston's objection. At this point the trial court explained it was Preston's turn to present evidence and call witnesses, including herself, to testify.

The court also explained that now was the time to present any other motions she had. Preston made another oral motion to have the case dismissed for failure to state a claim for which relief could be granted. After the city responded to her motion Preston stated, "So I'm denying the motion." The court explained to her it was not her job to grant or deny a motion but the court's job. The court then denied her motion.

{¶ 17} The court asked Preston again if she wished to present evidence or call any witnesses to testify. Preston at first stated she wanted to call herself, but after the court explained she did not have to testify and that the court would not hold it against her if she did not, Preston stated, "I won't testify, that's fine." The court asked again if she wanted to present any evidence and Preston responded, "Not at this time."

{¶ 18} The trial court found the city proved its burden beyond a reasonable doubt and found Preston guilty of all charges. The court gave Preston an opportunity to speak before sentencing. The court ordered Preston to pay $25 for each charge and court costs for both cases.

{¶ 19} Preston appeals pro se raising the following assignments of error for our review:

> Assignment of Error One: The trial court erred by finding Appellant in contempt and ordering her incarcerated without notice, hearing, or opportunity to respond, in violation of R.C. 2705.03 and the Due Process Clause under the Ohio and United States Constitutions. This structural error tainted all subsequent proceedings and rendered the judgment void.

Assignment of Error Two: The trial court violated the Due Process Clause under the Ohio and United States Constitutions, and Traf.R. 11(A), by accepting a plea that was not knowingly, intelligently, or voluntarily made. *See State v. Engle*, 74 Ohio St.3d 525 (1996)

Assignment of Error Three: The trial court violated the Double Jeopardy Clauses of the Ohio and United States Constitutions, and committed plain error under Crim.R. 52(B), by entering two convictions under the same ordinance for the same expired plate and vehicle, based on a continuous course of conduct supported by the same LEADS data. The trial court further erred by failing to merge the offenses as allied under R.C. 2941.25(A).

Assignment of Error Four: The trial court erred by enforcing a municipal ordinance that conflicts with a general law of the State of Ohio, in violation of the Ohio Constitution, Article XVIII, Section 3, by (1) elevating a minor misdemeanor under R.C. 4513-04 to a fourth-degree misdemeanor; (2) expanding the scope of regulation from "motor vehicles" to all "vehicles"; and (3) failing to resolve statutory ambiguity or conduct proper judicial interpretation, thereby violating due process.

Assignment of Error Five: The trial court erred by misapplying judicial review and violating the Due Process Clause under the Ohio and United States Constitutions by presuming, without statutory interpretation, that Appellant's automobile was a "motor vehicle," thereby dismissing constitutional challenges as inapplicable and refusing to clarify the legal basis for its ruling.

## Law and Analysis

{¶ 20} At the outset, we note that Preston is appealing pro se. "'Under Ohio law, pro se litigants are held to the same standard as all other litigants.'" *Fleming v. Shelton*, 2020-Ohio-1387, ¶ 9 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

**Assignment of Error No. 1**

{¶ 21} With this in mind, we turn to Preston's first assignment of error. In Preston's first assignment of error, she alleges various issues with the trial court's contempt order; however, we need not address these arguments since the issue of contempt is moot on appeal.

{¶ 22} Contempt occurs when a party disobeys a court order. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001). Courts classify contempt rulings as either civil or criminal in nature. *Id.* To determine whether contempt is civil or criminal, the pertinent test is "'what does the court primarily seek to accomplish by imposing sentence?'" *Id.* at 554-555, quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

{¶ 23} "Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order." *Id.* at 555, citing *Shillitani.* Civil contempt is characterized by a conditional sanction, i.e., the contemnor faces imprisonment unless he or she purges himself of the contempt by complying with the court order. *Liming v. Damos*, 2012-Ohio-4783, ¶ 12. Conversely, criminal contempt sanctions are punitive in nature and are designed to vindicate the authority of the court. *Russo* at 555, citing *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 15 (1988).

{¶ 24} Here, the court's finding of contempt was civil in nature because it was designed to be coercive and to compel obedience to the trial court's orders to get Preston to answer the trial court's questions during her arraignment.

{¶ 25} Appellate courts review a civil contempt finding under an abuse-of-discretion standard. *Miller v. Miller*, 2020-Ohio-5262, ¶ 7 (8th Dist.), citing *Hissa v. Hissa*, 2014-Ohio-1508, ¶ 21 (8th Dist.).

{¶ 26} As stated succinctly by the Tenth District Court of Appeals, "[g]iven the coercive purpose of a civil contempt order, an appeal of such an order becomes moot once the contemnor complies with the underlying court order, thus purging himself [or herself] of the contempt." *Darr v. Livingston*, 2017-Ohio-841, ¶ 15 (10th Dist.), citing *Hadinger v. Hadinger*, 2016-Ohio-821, ¶ 9, 11 (10th Dist.); *see also In re J.C.*, 2024-Ohio-343, ¶ 18 (8th Dist.) ("[B]ecause the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot.") citing *Robinette v. Bryant*, 2015-Ohio-119, ¶ 47 (4th Dist.); *Russo* at 555. This is because "the contemnor's compliance resolves the controversy created by the contemnor's prior disobedience [and] [t]his resolution abrogates the need for any judicial review of, and ruling on, the controversy." *Livingston* at ¶ 15.

{¶ 27} We find similarly that Preston's appeal of this issue is moot. After the finding of contempt on January 29, 2025, the next morning the trial court held a hearing and was able to arraign Preston on the underlying charges, to which she compliantly responded she understood and easily pled not guilty. Once Preston complied, the trial court issued a journal entry purging the contempt charge. As such, the issue of the contempt order is moot on appeal because of Preston's

compliance and the trial court's purging of the contempt order. There is no live controversy concerning this issue.

{¶ 28} Preston's first assignment of error is overruled as moot.

**Assignment of Error No. 2**

{¶ 29} In Preston's second assignment of error she alleges the trial court violated her due-process rights and Traf.R. 11(A) "by accepting a plea that was not knowingly, intelligently, or voluntarily made."

{¶ 30} Prior to the court addressing the merits of this assignment of error we note that under this assignment of error Preston also raises additional arguments including a waiver of her right to counsel before proceeding, failure to conduct a competency hearing and a violation of the judicial rules of conduct. Pursuant to App.R. 12 and 16 we decline to address the merits of any argument other than the one identified in her assignment of error concerning her plea and Traf.R. 11(A).

{¶ 31} The majority of Preston's argument here appears to concern her "not guilty" plea during her arraignment, since this was the only plea she made during her case. Her argument however, is based on a fundamental misunderstanding of the law and what actually occurred in this case.

{¶ 32} When a defendant enters a guilty or no contest plea in a case, the plea must be made knowingly, intelligently and voluntarily. *State v. Bigbee*, 2025-Ohio-4587, ¶ 10 (8th Dist.). This is because guilty pleas and no contest pleas involve a waiver of constitutional rights. *State v. Martin*, 2024-Ohio-2633, ¶ 10 (8th Dist.),

citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992).

{¶ 33} "In considering whether a plea was entered knowingly, intelligently, and voluntarily, 'an appellate court examines the totality of the circumstances through a de novo review of the record.'" *State v. Alvelo*, 2017-Ohio-742, ¶ 21 (8th Dist.), quoting *State v. Spock*, 2014-Ohio-606, ¶ 7 (8th Dist.).

{¶ 34} This case concerns petty offenses because the penalties do not exceed 180 days in jail and is, therefore, governed by Crim.R. 11(E). Crim.R. 2(D); *Cleveland v. Edwards*, 2018-Ohio-583, ¶ 8 (8th Dist.). This rule states that the trial court shall not accept a plea of guilty or no contest "without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Preston cites no case law or rule that demonstrates this requirement applies to not guilty pleas made at arraignments and we find that no such case law exists.

{¶ 35} Here, the trial court did not accept a guilty or no contest plea by Preston so there is no issue with any guilty or no contest plea being made knowingly, intelligently and voluntarily. Preston took her case to trial and was found guilty by the trial court. As such, this rule and its requirements do not apply.

{¶ 36} Preston's argument concerning the validity of her not guilty plea at her arraignment is meritless.

{¶ 37} Next Preston argues that the trial court violated Traf.R.11(A) which states that "[d]efenses and objections shall be raised before plea and trial by motion to dismiss or to grant appropriate relief." Preston alleges she was not given this

opportunity to present such a motion by the trial court but this is contradicted by the record.

{¶ 38} Prior to trial, the court asked Preston if she was ready to proceed. When Preston told the trial court she was unsure if trial is when she could question the applicability of the law or if it had to be before trial, the court explained to Preston that there are certain arguments that need to be made by motion before trial. The trial court explained again that she had a right to have an attorney present and would grant a continuance to get her one. The court further explained that by proceeding, Preston was giving up her right to any advice an attorney might give. When asked if she understood that Preston responded, "I do." Preston proceeded to ask the trial court questions and the trial court again asked, "Do you want an attorney or do you want to proceed today without an attorney?" Preston responded with, "I can proceed today without one."

{¶ 39} Preston gave an opening statement where she made a "motion to dismiss the matter because the prosecution has failed to state a claim for which relief should be granted." The trial court denied the motion. As such, we find Preston's argument that she was not afforded the opportunity to present a motion to dismiss prior to trial to also be without merit.

{¶ 40} Preston's second assignment of error is overruled.

**Assignment of Error No. 3**

{¶ 41} In Preston's third assignment of error she alleges the trial court violated the Double Jeopardy Clause and thereby committed plain error by entering

two convictions under the same ordinance for the same license expired plates.  She also argues the trial court erred by failing to merge the offenses alleging they were allied offenses under R.C. 2941.25(A).

{¶ 42} Preston never moved the trial court to dismiss the charges against her based on the grounds of double jeopardy.  "Double jeopardy rights are personal rights that can be waived when the accused does not raise the issue of double jeopardy prior to a retrial."  *State v. Gaines*, 2003-Ohio-6855, ¶ 47 (8th Dist.).  "Therefore, the failure to raise any objections based on defects in the indictment prior to trial results in a waiver of these defenses or objections."  *State v. Body*, 2021-Ohio-703, ¶ 21 (8th Dist.); *see* Crim.R. 12(C)(2).

{¶ 43} As such, we find that because Preston did not move the trial court to dismiss the charges based on double-jeopardy grounds and instead chose to go to trial on the charges, she has waived all but plain error.  *Body* at ¶ 23.

{¶ 44} "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'  To establish plain error, the defendant must show that an error occurred, that the error was obvious, and that the error affected his or her substantial rights."  *State v. Hale*, 2019-Ohio-3276, ¶ 55 (8th Dist.), citing *State v. Rogers*, 2015-Ohio-2459, ¶ 22; *State v. Barnes*, 2002-Ohio-68.  "In order for an error to have affected a defendant's substantial rights, the error must have affected the outcome of the trial."  *Id.*  "A violation of double jeopardy constitutes plain error."  *Id.* (internal citations omitted).

{¶ 45} "The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution prohibit a criminal defendant from being tried twice for the same offense." *State v. Pendleton*, 2020-Ohio-6833, ¶ 8. "The Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *State v. Ruff*, 2015-Ohio-995, ¶ 10, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794 (1989).

{¶ 46} Preston is essentially arguing that her two convictions for driving with expired license plates fall under this third category and that she is being punished twice for the same offense. She argues there was "no new animus, new conduct, or additional evidentiary basis" for the two offenses. That is, simply, not the case.

{¶ 47} Courts reject double-jeopardy claims where charged offenses arise from separate conducts or acts. *See State v. Taylor*, 1984 Ohio App. LEXIS 11324, at *2 (5th Dist. Oct. 23, 1984) ("Prosecution, conviction, and sentence on separate offenses presents no double jeopardy problem, if the offenses occurred at different times and were considered separate offenses by the jury."); *State v. Bentley*, 2001-Ohio-2398 (4th Dist.), citing *Elyria v. Rowe*, 2001 Ohio App. LEXIS 1661 (9th Dist. Apr. 11, 2001) ("If the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable."); *State v. Price*, 26 Ohio App.3d 41, 42, fn. 2 (1st

Dist. 1985) (noting if the two offenses "derived from a temporally separate and unrelated act, there would obviously have been no basis to defendant's double jeopardy claim").

{¶ 48} At trial Preston was found guilty of violating CHCO 335.10(D) on January 10, 2025, for driving with an expired license plate. She was also found guilty of violating CHCO 335.10(D) for driving, again, with an expired license plate on January 16, 2025. This second offense that occurred on January 16, 2025, is a separate and distinct offense from the first offense that occurred on January 10, 2025. These were two different offenses that occurred on two different days. Preston being convicted for both offenses did not subject her to multiple punishments for the same offense and as such, double jeopardy does not apply here.

{¶ 49} The same logic applies to her argument that the offenses were allied and should have been merged under R.C. 2941.25(A).

{¶ 50} R.C. 2941.25(A) requires a single conviction for conduct that constitutes "allied offenses of similar import." *Ruff*, 2015-Ohio-995, at ¶ 13. However, "under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.*, citing *State v. Moss*, 69 Ohio St.2d 515, 519 (1982).

**{¶ 51}** We find that Preston fails the second element of this test because her conduct of driving with expired license plates on January 10, 2025, and then again on January 16, 2025, was committed separately, on different days, at different times. Because this conduct shows clearly that the offenses were committed separately, the offenses are not allied offenses of similar import either and should not have been merged.

**{¶ 52}** We find no plain error here.

**{¶ 53}** Preston's third assignment of error is overruled.

**Assignment of Error No. 4**

**{¶ 54}** In Preston's fourth assignment of error, she alleges that the trial court erred by enforcing the two CHCOs of which she was convicted because they conflict with a general law of the State of Ohio. Preston is essentially arguing that the ordinances she was convicted of violating are unconstitutional and she makes three arguments as to why; however, we need not address these arguments.

**{¶ 55}** "'It is well established that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."'" *State v. White*, 2021-Ohio-2441, ¶ 10 (8th Dist.), quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). As the Ohio Supreme Court explained in *Awan*, "the question of the constitutionality of a statute must generally be raised at

the first opportunity and, in a criminal prosecution, this means in the trial court."
*Id. Accord State v. Buttery*, 2020-Ohio-2998, ¶ 7.

{¶ 56} By not raising the constitutionality of the applicable CHCO she was convicted under in the trial court, Preston has forfeited her constitutional challenges to the laws and we will not consider them for the first time on appeal. *White* at ¶ 10.

{¶ 57} Furthermore, we recognize that an appellate court has discretion "to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *White* at ¶ 12, citing *In re M.D.*, 38 Ohio St.3d 149, 151 (1988). However, we decline to exercise this discretion in this case. *Id.*

{¶ 58} Preston's fourth assignment of error is overruled.

**Assignment of Error No. 5**

{¶ 59} Preston's arguments in her fifth assignment of error are unclear. She first appears to argue the trial court erred when it "abdicated its duty of judicial review under *Marbury* and *Loper Bright*." Next, Preston challenges the applicability of the term "motor vehicle" to her "privately owned automobile" as used under CHCO and argues that the trial court refused "to interpret the statutory language, instead presuming that [Preston's] automobile was a 'motor vehicle' subject to regulation." Preston alleges that statutory inconsistencies "between different classes of conveyances" undermine fair notice and that "[t]he legislature has clearly shown that not all conveyances are treated equally." She further argues that the trial court's presumption of her automobile as a "motor vehicle" violated her

substantive liberty and property rights under the Ohio Constitution and that the trial court should have construed this alleged ambiguity in her favor.

{¶ 60} While Preston does cite to cases in her appellate brief, none of them support any of the arguments she is making and instead appear to just stand for general propositions of law that are often unrelated, such as *Loper Bright Ents. v. Raimondo*, 603 U.S. 369 (2024), which has to do with courts reviewing whether an agency has acted within its statutory authority and has no applicability to this case or her arguments.

{¶ 61} We also note that while Preston alleges she challenged in the trial court the applicability of the term "motor vehicle" to her "privately owned automobile" as used under CHCO and that the trial court refused "to interpret the statutory language" she cites nowhere in the record where this occurred. Upon our review of the transcript the only instance we find even remotely relevant is when, after the trial court had already found Preston guilty of all three offenses and asked her if there was anything the court should know as it relates to fines, Preston asked the trial court, "Is there a difference between an automobile and a vehicle or a motor vehicle?" The trial court stated the law defines what a motor vehicle is, and Preston continued to ask, "And are those, is automobile and motor vehicle synonymous terms?" The court then explained, "I'm not here to answer questions." Preston then argued she has a right to travel with her automobile on public highways. As such, Preston did not actually or properly challenge applicability of the CHCO to her "privately own automobile" despite her allegations to the contrary.

{¶ 62} That being said, we find that the arguments that Preston is raising on appeal are new arguments. It is well-settled that a party cannot raise new arguments for the first time on appeal. *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, ¶ 21 (8th Dist.), citing *Bank of Am., N.A. v. Michko*, 2015-Ohio-3137, ¶ 28 (8th Dist.). On appeal a party waives any issue that he or she fails to raise in the first instance before the trial court. *Scott Fetzer Co. v. Miley*, 2019-Ohio-4578, ¶ 41 (8th Dist.) ("A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes.") These issues should have been raised and addressed in the trial court and because they were not Preston has waived these issues on appeal.

{¶ 63} Wherefore, Preston's fifth assignment of error is overruled.

{¶ 64} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
ANITA LASTER MAYS, J., CONCUR