[Cite as *Muhammad v. PNC Fin. Servs.*, 2026-Ohio-1252.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Haneef Muhammad, :

    Plaintiff-Appellant, : No. 25AP-696
(C.P.C. No. 25CV-4069)

v. :

    (REGULAR CALENDAR)

PNC Financial Services, :

    Defendant-Appellee. :

D E C I S I O N

Rendered on April 7, 2026

**On brief:** *Haneef Muhammad*, pro se. **Argued:** *Haneef Muhammad.*

**On brief:** *Troutman Pepper Locke LLP*, and *Kyle R. Gerlach*, for appellee. **Argued:** *Kyle R. Gerlack.*

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Plaintiff-appellant, Haneef Muhammad, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, PNC Financial Services ("PNC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On May 14, 2025, Muhammad filed a complaint against PNC in the Franklin County Court of Common Pleas, alleging various claims, including violation of R.C. 4112.02(G), negligence, intentional infliction of emotional distress, conversion, and breach of contract, all arising from his visit to a Columbus PNC branch location on October 5, 2023.

{¶ 3} In June 2025, PNC, arguing that res judicata bars Muhammad's claims, filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which

relief can be granted. In support of its motion, PNC submitted copies of Muhammad's complaint in the action against PNC that he initiated in the Franklin County Court of Common Pleas and that PNC removed to the United States District Court for the Southern District of Ohio, PNC's motion to dismiss that complaint for failure to state a claim upon which relief can be granted, and the district court's opinion and order granting PNC's motion to dismiss. After Muhammad filed a memorandum in opposition, the trial court sua sponte filed an order to show cause and notice of intent to dismiss based on Muhammad's apparent use of non-existing case law in his memorandum. In resolving PNC's motion to dismiss, the trial court agreed that res judicata bars Muhammad's claims based on the disposition of the action in the district court. Consequently, in August 2025, the trial court granted PNC's motion to dismiss. And based on this dismissal, the trial court considered as moot its order to show cause.

{¶ 4} Muhammad timely appeals.

## II. Assignments of Error

{¶ 5} Muhammad assigns the following seven assignments of error for our review:

> [I.] The trial court erred in dismissing Appellant's complaint on res judicata grounds where the prior federal dismissal was jurisdictional and not on the merits. By converting Judge Morrison's jurisdictional dismissal into a merits dismissal, the court contravened *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), and *Arcady Farms Milling Co. v. Steely*, 161 Ohio St. 345 (1954).

> [II.] The trial court erred by adopting Appellee's accusation that Appellant fabricated case citations without independently verifying their validity. Several cited authorities, including *Peterson v. Teodosio*, 34 Ohio St.2d 161 (1973), are real, published decisions. By failing to conduct judicial verification, the court violated Appellant's due process rights.

> [III.] The trial court erred by concluding that Appellant failed to exhaust administrative remedies, despite Appellee PNC submitting Appellant's Ohio Civil Rights Commission filing as part of its own motion to dismiss. This mischaracterization ignored the record and improperly treated exhaustion as unmet.

> [IV.] The trial court erred in dismissing Appellant's claim under R.C. 4112.02(G) at the pleading stage, despite well-

pleaded allegations that PNC denied Appellant the full enjoyment of banking services on the basis of race. *Under Fall v. LA Fitness*, 161 F. Supp. 3d 601 (S.D. Ohio 2016), such allegations are sufficient to state a claim.

[V.] The trial court erred in dismissing Appellant's conversion claim where PNC destroyed Appellant's debit card while leaving the account open. This deprived Appellant of access to his funds, violating property interests protected under *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93 (1990), and *Kirkhart v. Keiper*, 101 Ohio St.3d 377 (2004).

[VI.] The trial court erred in dismissing Appellant's claims despite PNC's contractual obligations, contained in its own Account Agreement (filed by PNC as an exhibit), requiring investigation of reported fraud and fair treatment of customers. By dismissing these claims, the court disregarded contractual duties and Ohio Precedent requiring contracts to be enforced as written.

[VII.] The trial court erred in asserting that Appellant failed to state his "color" in his complaint, and in mischaracterizing Judge Morrison's federal dismissal as supporting this conclusion. Judge Morrison's May 6, 2025 Order (filed into the record by PNC) dismissed claims for lack of jurisdiction based on exhaustion, not for failure to identify Appellant's race. The trial court's contrary assertion not only imposed an improper heightened pleading standard, contrary to *Haines v. Kerner*, 404 U.S. 519 (1972), but also misrepresented the record before it.

## III. Discussion

{¶ 6} In his first assignment of error, Muhammad contends the trial court erred in granting PNC's motion to dismiss pursuant to Civ.R. 12(B)(6). This assignment of error is not well-taken.

{¶ 7} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court must construe the complaint in a light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192

(1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Moore v. Ohio Parole Bd.*, 2023-Ohio-3651, ¶ 9 (10th Dist.), citing *Celeste v. Wiseco Piston*, 2003-Ohio-703, ¶ 12 (11th Dist.).

{¶ 8} Here, the trial court found that res judicata bars Muhammad's claims against PNC. The doctrine of res judicata encompasses both claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel. *State v. C.L.H.*, 2019-Ohio-3786, ¶ 15 (10th Dist.). Claim preclusion applies when: (1) there was a prior valid judgment on the merits, (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action), (3) the present action raises claims that were or could have been litigated in the prior action, and (4) both actions arise out of the same transaction or occurrence. *Daniel v. Williams*, 2014-Ohio-273, ¶ 18 (10th Dist.), citing *Dehlendorf v. Ritchey*, 2012-Ohio-5193, ¶ 12 (10th Dist.).

{¶ 9} Although res judicata is usually not a proper basis for dismissal under Civ.R. 12(B)(6), it may be proper if the defense does not depend on documents outside the pleadings. *State ex rel. Dodson v. Phipps*, 2023-Ohio-3639, ¶ 53 (10th Dist.), citing *Jones v. Wainwright*, 2020-Ohio-4870, ¶ 5. "However, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. . . . Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet." *Id.* at ¶ 54.

{¶ 10} The applicability of res judicata is a question of law that this court reviews de novo. *State v. Braden*, 2018-Ohio-1807, ¶ 10 (10th Dist.). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotation marks deleted and citations omitted.) *Holt v. State*, 2010-Ohio-6529, ¶ 9 (10th Dist.).

{¶ 11} We find that the trial court did not err in concluding that res judicata bars Muhammad's claims against PNC. In *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, the Supreme Court of Ohio stated that a motion under Civ.R. 12(B)(6) "is a procedural tool testing the sufficiency of the complaint[,]" not a decision on the merits of the underlying dispute, so "a dismissal for failure to state a claim is without prejudice except in

those cases where the claim cannot be pleaded in any other way." *Id*. at ¶ 17. Less than a year later, however, the Supreme Court decided *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 2009-Ohio-4176, wherein the Supreme Court held that a dismissal for "failure to state a claim upon which relief can be granted" is an adjudication on the merits and res judicata bars refiling the claim, meaning the dismissal is with prejudice. *Id*. at ¶ 14-15. Because *Arcadia Acres* " 'represents the latest clear pronouncement by the Supreme Court of Ohio on the issue[,] . . . we are bound to follow it.' " *Dugas v. Ohio Adult Parole Auth.*, 2022-Ohio-1923, ¶ 20 (10th Dist.), quoting *George v. State*, 2010-Ohio-5262, ¶ 14 (10th Dist.).

{¶ 12} In August 2024, Muhammad initiated an action in Franklin County C.P. case No. 24CV-6254, against PNC arising from his visit to a Columbus PNC branch location on October 5, 2023. He asserted negligence, intentional infliction of emotional distress, and racial discrimination in violation of 42 U.S.C. 2000a and 42 U.S.C. 1981. PNC removed the case to the United States District Court for the Southern District of Ohio and then moved to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(B)(6), for failure to state a claim upon which relief can be granted. On May 6, 2025, the district court granted PNC's motion to dismiss. *Muhammad v. PNC Fin. Servs.*, 2025 U.S. Dist. LEXIS 86232 (S.D.Ohio May 6, 2025). The district court determined that it lacked subject-matter jurisdiction to consider Muhammad's claim under 42 U.S.C. 2000a because he failed to allege that he availed himself of state administrative remedies prior to filing the action. *Id*. The district court also determined that dismissal for failure to state a claim upon which relief can be granted was required for the claim under 42 U.S.C. 1981, as well as the state law negligence and intentional infliction of emotional distress claims for which the court exercised supplemental jurisdiction. *Id*. Muhammad did not appeal from the district court's judgment.

{¶ 13} Thus, while Muhammad's federal claim under 42 U.S.C. 2000a was dismissed for lack of subject-matter jurisdiction, his other federal claim and his state-law claims were dismissed for "failure to state a claim upon which relief can be granted." *Id*. Pursuant to *Arcadia Acres*, which we must follow until the Supreme Court indicates otherwise, the claims dismissed for "failure to state a claim upon which relief can be granted" were dismissed on the merits, with prejudice, and subject to res judicata. Applying

the res judicata doctrine requirements here, we find there was a prior valid judgment on the merits (except as to the federal claim under 42 U.S.C. 2000a, which was dismissed for lack of subject-matter jurisdiction in the prior action but is not reasserted in this action), the present action involves the same parties as the prior action, the present action raises claims that were or could have been litigated in the prior action, and both actions arise out of the same transaction or occurrence. Consequently, we find the trial court did not err in concluding that res judicata bars Muhammad's claims against PNC in the present action.

{¶ 14} Accordingly, we overrule Muhammad's first assignment of error.

{¶ 15} Muhammad's second assignment of error challenges the trial court's order to show cause relating to what appeared to be Muhammad's citation to fabricated case law in his memorandum in opposition to PNC's motion to dismiss. The court ordered Muhammad to submit copies of opinions for certain cases he cited, and to show why he should not be sanctioned, including monetarily or by dismissal of the action. Subsequently, however, the court vacated that order, finding it to be moot based on the court's dismissal of the action for failure to state a claim upon which relief can be granted. Because we have overruled Muhammad's challenge to that dismissal, the trial court's basis for finding that issue to be moot is left undisturbed. Consequently, Muhammad's second assignment of error presents an issue that is moot, as it does not present a live controversy. *See State v. Gideon*, 2020-Ohio-6961, ¶ 26 ("[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court."); App.R. 12(A)(1)(c) ("Unless an assignment of error is made moot by a ruling on another assignment of error, [the court of appeals shall] decide each assignment of error and give reasons in writing for its decision."); *see also B.D. v. D.G.*, 2025-Ohio-5599, ¶ 11 (10th Dist.) (an issue that no longer involves a live controversy is moot, and courts generally will not resolve moot issues); *Cleveland Hts. v. Preston*, 2026-Ohio-344, ¶ 26-28 (8th Dist.), citing *Darr v. Livingston*, 2017-Ohio-841, ¶ 15 (10th Dist.) (trial court's purging of contempt order rendered moot the appellant's challenge of that order on appeal). Therefore, we find as moot Muhammad's second assignment of error.

{¶ 16} Muhammad's third, fourth, fifth, sixth, and seventh assignments of error are also moot. These assignments of error all purport to challenge the dismissal of one or more of Muhammad's claims on bases different than res judicata. It is unclear whether

Muhammad is challenging the trial court's disposition of certain claims or seeking to indirectly challenge findings and conclusions of the district court. Either way, his challenges are unavailing in this appeal. Insofar as Muhammad challenges the findings or conclusions of the district court, this court lacks jurisdiction to review them. Pursuant to Article IV, Section III, of the Ohio Constitution, and R.C. 2501.02, appellate courts in Ohio are limited in the exercise of their appellate jurisdiction to "questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district." The district court is not an inferior court to this court. Thus, we have no jurisdiction to review its decision. *See Ford Motor Credit Co., L.L.C. v. Collins*, 2014-Ohio-5152, ¶ 17 (8th Dist.) ("Ohio constitutional and statutory law provides that [state appellate courts] have no jurisdiction to . . . review federal district court decisions."). Moreover, insofar as these assignments of error allege the trial court erred, we find that, because we have rejected Muhammad's contention that the court erred in dismissing his claims based on res judicata, any analysis or finding as to other possible bases for dismissal of his claims is inconsequential. For this reason, we find as moot Muhammad's third, fourth, fifth, sixth, and seventh assignments of error.

## IV. Disposition

{¶ 17} Having overruled Muhammad's first assignment of error, and found as moot his second, third, fourth, fifth, sixth, and seventh assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J, and EDELSTEIN, J., concur.

———————————